C. M. KNOTT AS RECEIVER OF SWANN & HOLTSINGER COM-
PANY, AND C. M. KNOTT, INDIVIDUALLY, *Appellants*, V.
M. A. SMITH, *Appellee*.

Opinion Filed April 24, 1920.

1. In a suit to set aside or cancel an alleged cloud upon title to real estate, a court of equity will not enjoin a proceeding for unlawful detainer brought previous to the filing of the bill for such injunction, the question of title not being involved in an action for unlawful detainer.

2. When a complainant married woman comes into a court of equity to be relieved of an alleged invalid contract for the sale of her separate statutory property, upon which she has received most of the consideration, it is incumbent upon her to offer to do equity, or she should allege facts that would excuse her failure to do so.

3. An actor in a court of equity comes into a court of conscience, and will not be allowed unconscionable relief, otherwise than under conditions that he does equity upon his part. This rule will aid a defendant even if he could not have secured equitable relief had he been the actor.

4. When a married woman by virtue of her contract to convey her separate statutory property, invalid because not acknowledged as required by statute, but for which she has received the consideration in whole or in part, comes into a court of equity to have her title relieved of such contract she must, in her bill of complaint, offer to return the consideration received, or set up facts that would excuse her failure to do so.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*Lunsford* & *Whitaker,* for Appellant;

*E. B. Drumright,* for Appellee.

CAMPBELL, Circuit Judge.—On December 17th, 1917, the appellee, a married woman, as complainant in the court below filed her bill of complaint against the respondent alleging in substance that the complainant was the owner in fee simple, as her separate statutory estate, of certain lands therein described; that she was at the time of filing the bill of complaint, directly through her agents in actual possession and occupancy of the said real estate and had been for a long time prior thereto, holding same by title and by possession, as her separate statutory estate under the Constitution and laws of the State of Florida; that the respondent was and had been claiming some title, right or interest in and to the premises, basing his claim upon an alleged contract or agreement for conveyance thereof to one J. M. Schrieber, and an alleged assignment of the contract to the respondent; that the contract was void in law and equity, because the same was not executed and acknowledged by the complainant in the manner and form required by law, and that she never at any time acknowledged the same separate and apart from her husband; that the complainant had long since repudiated and refused to recognize the same as being legal or binding upon her in any manner or form whatever, and that she had long since resumed possession of said premises and held and occupied the same as she had already set forth in her bill of complaint; that at the time of making said contract and long prior thereto she was a married woman and under all the disabilities thereof, under the Constitution and laws of the State of Florida.

That the respondent well knowing the said purported agreement to be void in law and equity and possessing no validity in any manner or form whatever, nevertheless has continuously molested and annoyed complainant in reference to the same, has threatened the institution of all manner of suits against her and her tenants in possession "and has now instituted and is maintaining in the County Court of Hillsborough County, Florida, a suit in the nature of an unlawful detainer proceeding, seeking therein to recover the actual possession of the said property and alleging former possession of said premises as a basis of right of recovery, although the said respondent well knows he can never establish or maintain a title to said premises; but that nevertheless in said proceeding, the question of title to said premises in the aforesaid suit will not arise, but that said respondent seeks to put your oratrix to the necessity of maintaining an action in ejectment for recovery of said premises;" that the said contract upon which and by which soley the respondent can attempt to recover, is wholly void and transferred to the said respondent or his assignor absolutely no right, title or interest in the title or possession of the premises; that the unlawful detainer proceedings were set for trial on the 17th day of December, 1917, and that the respondent would proceed to trial unless such proceedings be enjoined and restrained by an order of the court.

The bill prays that prior to the adjudication the Court issue an order staying all proceedings by the respondent in the County Court for trial of the right of possession of said premises, or any other legal proceeding, and from molesting or annoying the complainant or her tenants thereof until the equities in this cause should be fully determined; that upon final determination of this

cause it be decreed that the complainant is in full possession of said premises, and that her right of possession thereof be declared by order of the court, and that the respondent be enjoined from any and all proceedings against your oratrix for the right of possession of the said premises and that your oratrix title to the same be declared free and discharged of all claim of the said respondent by reason of said alleged contract or otherwise, and that the respondent be enjoined from molesting or annoying your oratrix in her possession thereof.

On the same day the court without notice, as far as the record shows, granted the temporary injunction enjoining the respondent from proceeding with his action for unlawful detainer against the complainant in the County Court of Hillsborough County.

On the 19th day of December, 1917, the respondent filed motion to dissolve the temporary injunction, upon the grounds that the allegations of the bill were insufficient to justify a court of equity in granting the same.

Also on same date the respondent demurred to the bill of complaint upon the following grounds:

"First. Because it appears from the complainant's bill that the proceeding, injunction against which is prayed as the sole relief asked for in said bill, is an action at law for the unlawful detention of said premises, and, if as alleged in said bill of complaint, the only rights of the defendant to the said premises is based upon an unlawful, illegal and void contract a plea of the unlawful, illegal and void character of said contract in such action for unlawful detention would constitute a good and effectual defense thereto.

"Second. Because the said bill shows upon its face a state of facts from which the court is compelled to infer that the complainant, under the alleged contract, placed the defendant in the possession of said premises and it is not alleged that the said contract was without consideration nor is it alleged that the complainant before seeking equity by the said bill has offered to do equity by a refund and repayment to defendant of the consideration paid to her for the execution of said contract and for the possession of said premises.

"Third. Because it appears from the bill of complainant that there was a contract or agreement in writing between the complainant and defendant, which contract it is alleged is unlawful, illegal and void as to complainant, but such contract is not exhibited by the said bill to the court and the court cannot, without the said contract before it, determine the validity or invalidity thereof.

"Fourth. Because it appears from the said bill of complaint that complainant has a complete and adequate remedy at law."

On December 28, the complainant filed as part and parcel of her original bill of complaint, duplicate of the contract mentioned in her bill, and by leave of the court made it a part of her bill of complaint.

On December 29th, 1917, the demurrer was overruled by the court and the respondent allowed until January 10th, 1918, within which to file answer.

On December 29th the court denied the respondent's motion to dissolve the injunction.

Answer was filed on January 10th, 1918, to which exceptions were filed by the complainant on January 22nd,

the same being sustained by the court on January 26th, 1918, and the respondent allowed ten days within which to file amended answer. There being no amended answer filed the court on February 26th ordered that a decree *pro confesso* be entered and rendered final decree for the complainant, upon the allegations of the sworn bill of complaint. From the final decree appeal was taken by the respondent, who has assigned various errors in the Court below.

"The Court erred in granting the temporary injunction restraining the suit for unlawful detainer in the Court of Hillsborough County."

The first assignment of error is: The restraining order was granted before the contract was attached to and made a part of the bill of complaint.

It appears from the allegations of the bill, before the contract was attached to and made a part thereof, that the respondent had entered suit for unlawful detainer against the complainant and her tenants, for the possession of the lands, of which the bill alleges the complainant had "resumed" possession, after she had repudiated the contract and refused to recognize the same as being binding upon her in any manner or form whatsoever. The complainant also alleged in her bill that the respondent was seeking relief by unlawful detainer, alleging his former possession of the property. From these allegations then it would appear that the respondent had been in possession of the property, and after the complainant repudiated and refused to recognize her contract to convey, "resumed" the possession of same, whereupon respondent brought proceedings for unlawful detainer.

Under our statute governing proceedings for unlawful detainer, no question of title is involved, only the right of possession and damages can be considered. Sec. 2156, Gen. Stats., 1906, Compiled Laws, 1914. Therefore the invalidity of the contract made by the complainant, even if she has placed herself in a position to assert its invalidity in this proceeding, would not affect the proceeding in unlawful detainer.

In a suit to set aside or cancel an alleged cloud upon title to real estate a court of equity will not enjoin a proceeding for unlawful detainer, brought previous to filing the bill for such injunction, the question of title not being involved in an action for unlawful detainer. Sec. 2156, Gen. Stats., 1906, Compiled Laws, 1914; Turnley v. Hanna, 67 Ala. 101; Murphree v. Bishop, 79 Ala. 404; Vancleave v. Wilson, 73 Ala. 387; Comstock v. Henneberry, 66 Ill. 212; Hardin v. Jones, 86 Ill. 313; Hamilton v. Adams, 15 Ala. 596, 50 Am. Dec. 150. The court in our opinion erred in granting the temporary injunction restraining the further proceeding with the action for unlawful detainer.

The second asssignment of error questions the order of the court denying respondent's motion to dissolve the injunction, and the third assignment questions the order of the court overruling the demurrer to the bill of complaint.

These orders were made on December 29, 1917. The record shows that on the 28th of December, 1917, the complainant had by leave of Court attached to and made a part of her bill of complaint, a copy of the contract alleged in her bill to have been made by her, but which she alleges was void and of no effect.

The contract is dated June 23rd, 1910, in substance it sets forth the agreement upon the part of the complainant and her husband, C. W. Smith, to sell, and of J. M. Schreiber to purchase the property described in the bill of complaint, for which property he would pay $800.00. Of this amount $400.00 was paid in cash, and $200 was to be paid on June 23, 1911, and $200 on June 23, 1912, with interest at eight per cent per annum. It also appears that a payment of $200 on June 24th, 1911, is endorsed on this contract. The bill alleges this contract was assigned to the respondent.

In the consideration therefore of the motion to dissolve the injunction, and of the demurer to the bill of complaint, we find the bill of complaint showing upon its face that the complainant had by virtue of the contract, which she alleges to be void, received $600 of the price for the land, before she repudiated the contract, and refused to recognize it, and had "resumed" possession of the property. It appears that the respondent and his assignor, J. M. Screiber, were put in possession of the property at the time of entering into the contract.

There is nothing in the bill to show that the complainant refused to recognize this contract, because the respondent or his assignor had failed to comply with any of its terms. Her bill is based solely upon her claim that her contract is void because it was not acknowledged as required by Section 2462, General Statutes. She does not make any offer whatever to return the money received by her at the time the contract was made and afterward. She alleges no facts to excuse her failure to return or offer to return the consideration.

The complainant in this case comes into court of equity to be relieved of an alleged invalid contract for sale of

her separate statutory property upon which she has received most of the consideration. To be relieved of this contract it was incumbent upon her to offer to de equity, or she should allege facts that would excuse her failure to do so. 16 Cyc. 235.

The appellee contends that the complainant being a married woman, her contract is absolutely void, and that the maxim, "He who seeks equity must do equity" would not apply in proceedings brought by her to have her title to real property relieved of her invalid contract.

We held in the case of Wilkins v. Lewis, 78 Fla. 78, 82 South. Rep. 762, that a married woman who alone executes a mortgage on her real property in the name she bore as a widow before her marriage was not by such execution estopped to show that she was in fact a married woman when she executed the mortgage. In that case the question of the status of the respondent as to being married or single at the time of making the contract was involved, and we held that she was not estopped. In the case of Wilkins v. Lewis, the married woman was not the actor, that is she was not the complainant in the suit; she was the respondent, and the question of offering to do equity was therefore not involved.

"An actor in a court of equity comes into a court of conscience, and will not be allowed unconscionable relief nor relief otherwise than under conditions that he does equity upon his part. This rule will aid a defendant, even if he could not have secured equitable relief had he been the actor." 1 Pomeroy's Eq. Jur. Secs. 386, 388; Farmers' Loan & Trust Co. v. Denver, L. & G. R. Co., 126 Fed. Rep. 46; 16 Cyc. 235. See also 21 Cyc. 1327, where it is said that by the better rule a married woman can-

not avail herself of her disability and at the same time retain the consideration. The Supreme Court of Tennessee in the case of Edwards v. Stacey, 113 Tenn. 257, text 259, 82 S. W. Rep. 470, well says that the disability of coverture is a "weapon of defense and not of offense." When a married woman by virtue of her contract, to convey her separate statutory property, invalid because not acknowledged as required by statute, but for which she has received the consideration in whole or in part, comes into a court of equity to have her title relieved of such contract she must, in her bill of complaint, offer to return the consideration received, or set up facts to excuse her failure to do so.

The complainant having failed in her bill of complaint, to offer to do equity in returning the consideration she has received for her contract, or alleging facts to excuse her failure to return the same, her bill was without equity and the court below erred in denying the respondent's motion to dissolve the temporary injunction, and also in overruling the demurrer to the bill of complaint.

From the above discussion it follows that the court also erred in sustaining the exceptions to the answer of the respondent which set up the contract in full, alleging the payments on the consideration, the putting of the respondent and his assignor in possession and the failure of the complainant to return the consideration, upon her repudiation of the contract.

The case must therefore be reversed, with directions to the court below to sustain the demurrer to the bill of complaint, and grant order dissolving the temporary injunction, and have the case proceed in accordance with this opinion.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., not participating.