HENRY C. CHUBB, *Appellant,* v. J. HARKER CHADWICK & COMPANY, A CORPORATION, *Appellee.*

Division B.

Opinion Filed January 21, 1927.

In an option for the sale of real estate between competent parties, where the purchase price is $436,711.00, payable in installments on which the first two payments aggregating $25,000.00 was made and the purchaser defaulted as to subsequent payments, and it is provided that should the purchaser fail or neglect to make either of the payments, the option shall on the date of such failure expire by its own limitations and without notice, and that should the option expire by its own limitation, the first $25,000.00 paid shall be retained by the vendor as the consideration or price for the privilege or option to purchase, as well as for the withdrawal of the property from the general real estate market for the intervening period of time, and it is further provided that the instrument shall be not filed or recorded in the public records of the county, and in a bill of complaint brought by the vendor to have the instrument cancelled and the assignment of it stricken from the record as

VOL. 93, JANUARY TERM, 1927.  115

Henry C. Chubb v. J. Harker Chadwick & Co.—Opinion of Court.

a cloud upon title, the partial payments and subsequent default are alleged, and it is alleged that the vendee and his asserted assignee conspired to have recorded a supposed assignment of the instrument, the bill of complaint, in view of the terms of the option and of the allegations admitted by the demurrer, is not subject to demurrer because it does not offer to return the relatively small payments made.

An Appeal from the Circuit Court for Pinellas County; Freeman P. Lane, Judge.

Affirmed.

*A. L. Richardson,* for Appellant;

*Harris & Denning* and *J. Uhle Bethell,* for Appellee.

WHITFIELD, P. J.—On February 1st, 1926, an amended bill of complaint was filed by J. Harker Chadwick & Company, a corporation, against Hollis P. Allen and Henry C. Chubb, in which it is in effect alleged that the complainant was and is seized and possessed as owner in fee simple of described lands; that on October 16, 1925, complainant and Hollis P. Allen entered into an agreement which contains the following:

"Received of Hollis P. Allen, of the City of St. Petersburg, Florida, a cashier's check, in the sum of Ten Thousand Dollars, ($10,000.00) which, when paid, will be accepted as a consideration for this option to purchase a ceratin tract of land, containing approximately one hundred fifty-eight and eight-tenths (158.8) acres in the County of Pinellas, State of Florida, and more particularly described as * * *

"For the price of sum of Four Hundred Thirty-six Thousand Seven Hundred Eleven Dollars ($436,711.00) of which the sum of Ten Thousand Dollars ($10,000.00) shall be paid in cash this day, by the Cashier's check, above referred to, and the further sum of Fifteen Thousand Dol-

lars ($15,000.00) within thirty (30) days from the date hereof, and the further sum of Eighty-one Thousand Seven Hundred Eleven Dollars ($81,711.00) within sixty (60) days from the date hereof, at which time the Warranty Deed, subject to the existing mortgages of One Hundred Forty-five Thousand Dollars ($145,000.00) the payment of which shall be assumed by the purchaser, may be called for by the purchaser and a purchase money mortgage, containing a release clause at not less than Three Hundred ($300.00) Dollars per lot of a plat containing not less than seven hundred (700) lots, to secure the payment of six (6) promissory notes, two (2) of which are in the sum of Thirty Thousand Eight Hundred Thirty-three Dollars and Thirty-four cents ($30,833.34), four of which are in the sum of Thirty Thousand Eight Hundred Thirty-three Dollars and Thirty-three cents ($30,833.33), payable on or before six (6), twelve (12), eighteen (18), twenty-four (24), thirty (30) and thirty-six (36) months from the date of said mortgage, with interest at the rate of eight (8) per cent per annum, may be tendered in final payment; taxes for the year 1926 and thereafter to be paid by the purchaser and possession to be given upon delivery of deed and purchase money mortgage and payment of the balance of the cash as above provided.

''The sum of Ten Thousand Dollars ($10,000.00) which, when collected from the Cashier's check hereby receipted for, is paid by Hollis P. Allen and accepted by J. Harker Chadwick & Company for this option only, which must be exercised by the said Hollis P. Allen first of all paying to J. Harker Chadwick & Company, the sum of Fifteen Thousand Dollars ($15,000.00), on or before the Sixteenth' (16) day of November next, A. D. 1925, at Twelve (12) o'clock noon, and the further sum of Eighty-One Thousand Seven Hundred Eleven Dollars ($81,711.00), on or before

the Sixteenth (16th) day of December, next, A. D. 1925, at Twelve (12) o'clock noon, and the execution and delivery of notes and mortgages, securing balance of purchase money as above described, and should the said Hollis P. Allen of the City of St. Petersburg, Florida, fail or neglect to make either of said payments, this option shall expire by its own limitation and without notice either on the Sixteenth (16th) day of November, A. D. 1925, at Twelve (12) o'clock noon, or on the Sixteenth (16th) day of December, A. D. 1925 at twelve (12) o'clock noon, as the case may be.

"If this option is exercised, the sum of Ten Thousand Dollars ($10,000.00) hereby receipted for, together with sum of Fifteen Thosand Dollars ($15,000.00) which, if paid on the Sixteenth (16th) day of November 1925, shall be credited on account of the purchase price of Four Hundred Thirty Six Thousand Seven Hundred Eleven Dollars ($436,711.00) but, should this option expire by its own limitation, either on November 16th, A. D. 1925, or on December 16th, A. D. 1925, as the case may be, the said sum of Ten Thousand Dollars ($10,000.00) hereby receipted for, and the further sum of Fifteen Thousand Dollars ($15,000.00) should the same be paid, shall be retained by said J. Harker Chadwick & Company as the consideration or price for this privilege or option to purchase, as well as for the withdrawal of the above described property from the general real estate market for the intervening period of time.   *   *   *

"This instrument shall be not filed or recorded in the Public Records of Pinellas County, State of Florida.

J. Harker Chadwick & Company.<br>By Gilbert D. Hunt. Mgr.

Accepted
Hollis P. Allen;"   *   *   *

that "Henry C. Chubb is claiming some interest or demand

in, to or upon said lands, for that heretofore, on the 16th day of December, A. D. 1925, there was caused to be filed for record in the office of the Clerk of the Circuit Court of Pinellas County, Florida, in Deed Book ——, page ——, a certain instrument of writing, bearing date the 15th day of December, A. D. 1925, and purporting to be an assignment by the defendant Hollis P. Allen to the defendant Henry C. Chubb of a certain contract between your orator and the said Hollis P. Allen relating to said lands;'' ''that pursuant to the terms of said contract, the defendant Hollis P. Allen paid to your orator on the date of the execution thereof the sum of Ten Thousand Dollars ($10,000.00) * * *. And on the 31st day of October A. D. 1925, the defendant Hollis P. Allen paid to your orator the further sum of Fourteen Thousand Seven Hundred Dollars ($14,700.00) which was accepted by your orator as and for the Fifteen Thousand Dollars ($15,000.00) due and payable by the terms of said contract on the 16th day of November, A. D. 1925; and your orator avers that the said sums of money aforesaid were paid by the defendant Hollis P. Allen and accepted and retained by your orator as and for a part of the consideration for said option, as in said contract provided. No other or further sum of money has been paid to your orator by said defendant, or by the defendant Henry C. Chubb, on account of said contract, or the option thereby granted, and no change in the terms or conditions of said contract has been consented to or authorized by your orator, and no extention of the time for the exercise of said option has by your orator been granted, and none of its rights thereunder has in any manner been waived; * * * that the option to purchase said lands, by it given and granted to the defendant Hollis P. Allen, in and by virtue of said contract, expired by its own limitation at twelve (12) o'clock noon on the 16th day of December,

A. D. 1925; and in this behalf, your orator avers and charges that the defendants wholly neglected and failed to pay or cause to be paid, and wholly failed to offer to pay to your orator, the sum of Eighty-one Thousand Seven Hundred Eleven Dollars ($81,711.00), on or before the 16th day of December, A. D. 1925, as on or before that date was required to be done in order to entitle the defendants, or either of them, to exercise said option; and that said defendants likewise wholly neglected and failed to assume or to offer to assume the existing mortgages against said property, and wholly neglected and failed to execute or offer to execute said notes for the balance of the purchase price of said lands, as by the terms of said contract was also required as a condition precedent to the exercise of said option; * * * that the defendants Hollis P. Allen and Henry C. Chubb, well knowing that said option had expired or was about to be allowed to expire by them by their neglect or failure to perform the conditions thereof, did, by some private and secret arrangement, conspire and confederate together to have the public records of Pinellas County, Florida, to show said contract, or notice thereof, by the indirect and surreptitious method of recording said purported assignment, thereby fraudulently intending to cloud your orator's title, and to injure and prejudice it in the ownership and enjoyment of said property, * * * the said purported assignment of contract appearing upon the public records of Pinellas County, Florida, constitute and are clouds upon your orator's title, and tend to lessen the market ability and to hinder and prevent the full and free use and enjoyment of said property, to your orator's irreparable injury and damage.''

The prayers contain the following:

''That said contract referred to in Section VI of this amended bill and the option thereby granted, be declared,

adjudged and decreed to be at an end and of no further virtue or effect, and that the same and all copies and duplicates of the same be ordered cancelled, as a cloud upon your orator's title to said lands; and that your orator's title to said lands be forever and perpetually quieted against said contract, and the option therein contained.

"That the said assignment of contract referred to in Section V of this bill be declared, adjudged and decreed to be null and void and of no effect, and ordered cancelled and stricken of record as a cloud upon your orator's title to said lands; and that your orator's title to said lands be forever and perpetually quited against said assignment.

"That the title of your orator in and to said lands be by a decree of this Honorable Court forever quieted against any and all and whatever estate, right, title, interest, claim or demand which the defendants have, or appear to have, or claim or make, individually or collectively, in, to or upon your orator's said lands, by virtue of said contract, notice of lien and assignment of contract, or otherwise; and that your orator's title to said lands be quieted in it, its successors and assigns against the claims of all persons claiming by, through, or under the defendants, or either of them.

"That the said Hollis P. Allen and Henry C. Chubb, their heirs and assigns, and all other persons claiming by, through, or under them, be by the decree of this Honorable Court forever and perpetually enjoined, restrained, and prohibited from claiming or asserting any estate, right, title, interest, claim or demand whatsoever in, to, or upon your orator's said lands."

The defendant Henry C. Chubb demurred to the bill of complaint on the following grounds:

"1.   That there is no equity contained in the Bill of Complaint.

"2.   That the bill of complaint alleges facts which are

contradictory to the written contract referred to and made a part of the bill of complaint.

"3.   That the amended bill contains conclusions of the pleader and not facts.

"4.   That the complainant does not offer to do complete justice or equity.

"5.   That the complainant does not come into equity with clean hands and free from fault.

"6.   That the complainant does not offer to do equity by returning or offering to return the moneys paid under the alleged contract."

The defendant Hollis P. Allen does not appear to have taken any part in the proceedings.

The Court overruled the demurrer, and Chubb appealed.

In the main appellant's contention is that the agreement between the appellee and Allen is a contract for the sale of lands on which substantial payments have been made, and that complainant as actor in a Court of equity must offer to do equity or the bill for the relief prayed is demurrable. Knott v. Smith, 79 Fla. 628, 84 South. Rep. 660; Taylor v. Rawlins, 86 Fla. 279, 97 South. Rep. 714, and Taylor v. Rawlins, — Fla. —, 106 South. Rep. 424, are cited. Those and other similar cases were properly decided and are clearly distinguishable from this one in which the allegations admitted by the demurrer do not show that the relief sought would be inequitable if the complainant does not return the portion of the purchase money that it has received.

The case of Knott v. Smith, *supra*, is quite unlike this one.

In Taylor v. Rawlins, *supra*, there was a "supposed contract" for the purchase of land made by a married woman who paid more than one-fifth of the purchase price to the vendors, and then made no further payments.   The vendors

without any showing of loss or injury to them or of benefit to the vendee by reason of the "supposed contract," brought a suit in equity and prayed that the "supposed contract" of sale may be declared null and void as a cloud upon the title of the orators; and that the clerk   *   *   * be ordered to enter upon the margin of the record   *   *   * that the same is null and. void and of no effect," and for general relief.   The answer averred and the replication admitted that the complainants had possession of the land. The Court decreed that the defendants, the vendee and her husband, pay the balance of the purchase price into the registry of the Court for the complainants within twenty days, and upon failure to do so, "the contract or agreement"   *   *   *   to sell the described lands to the defendant, married woman, "shall be null and void and of no force and effect," and the contract cancelled of record.   On appeal this Court held that "the Chancellor erred in declaring the cancellation of the contract and directing the clerk to cancel it of record without requiring the complainants to make restitution," there being no showing that the vendors had suffered any loss or injury by reason of the "supposed contract," or that the vendee had received any benefit for more than one-fifth of the entire purchase price that had been paid by her to the vendors.   The contract provisions for forfeiture of payments made were not enforceable in that suit against the vendee married woman even if otherwise enforceable in equity.

Here the allegations that are admitted by the demurrer show that only two payments aggregating a relatively small portion of the purchase price had been paid before default, which two payments it was by competent parties expressly stipulated "shall be retained by" the complainant "as the consideration or price for the option to purchase as well as for the withdrawal of the described property from the gen-

VOL. 93, JANUARY TERM, 1927.          123

Henry C. Chubb v. J. Harker Chadwick & Co.—Concurring Opinion.

eral real estate market for the intervening period of time.''
It also appears that the stipulation not to record the agree-
ment has been in effect violated by recording an assignment
of the agreement after the default, by the conspiracy and
acts with fraudulent intent of the defendant.    The facts
disclosed by the allegations of the bill of complaint do not
require that in order to state an equity for the complainant,
an offer to do equity should be made.    Whether there be
an offer to do equity or not the Chancellor may by proper
procedure require equity to be done by the complainant in
proper cases.    The holding here is that in view of the alle-
gations admitted by the demurrer, an offer to do equity is
not essential to show an equity for appropriate relief and
that therefore the demurrer was properly overruled.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the
opinion.

BROWN, J. (concurring) :

Aside from the very pertinent observations above made,
it appears to me that the doctrine laid down in the case of
Taylor v. Rawlins, cited by Mr. Justice WHITFIELD, must
on the language of that case be confined to cases brought
for rescission and cancellation of land contracts; for the
opinion in that case shows that the Court construed the bill
to be one of that nature, and applied the doctrine usually
applied when a party seeks, by way of rescission and can-
cellation, relief against an existing contract which he has
entered into and which by reason of the vendee's default or
for some ground recognized by equity, he desires termi-

nated, rscinded and cancelled.  In such cases, the complainant, as a general rule, will be required to restore what he has obtained under the contract less the damage sustained by him by reason of the vendee's breach.  This class of cases should not be confused with the class brought, not to rescind or cancel a contract which is still operative and in force, but to remove the cloud resulting from the recording on the public record of a contract which has already been forfeited, cancelled or terminated in accordance with its terms.  In such cases, some different rules are applicable. See 39 Cyc. 1381-2; 27 R. C. L., Sec. 426, p. 663-4, and cases cited; Warvelle on Vendors, Secs. 807, 810, 812; 29 Am. & Eng. Encyc. of Law, 683-4; also see Realty Securities Corporation v. Johnson, decided at the present term.

STRUM, J., concurs.