IDA L. KEENE, joined by her husband, GEORGE M. KEENE, *Appellants*, v. WM. S. LATIMER and STARR B. LATIMER, Co-Partners doing business under the Firm name of LATIMER & LATIMER, *Appellees*.

136 So. 331.

Division A.

Opinion filed August 7, 1931.

842

*Wm. G. King* and *L. D. Martin,* Attorneys for the Appellants;

*James Booth,* Attorney for the Appellees.

BROWN, J.—This was a bill filed by the appellant, Ida L. Keene, joined by her husband, George M. Keene, to remove, as a cloud on the title of Ida L. Keene, a certain option contract executed by the appellants to the appellees on November 8, 1923. The bill alleged that complainant, Ida L. Keene, was and is the owner in fee simple, and in actual possession, of the real estate described in the option. This option agreement was executed upon the payment of $5.00 and gave to Latimer & Latimer a 30-day option to purchase two described lots for $1900.00. It was signed by Ida L. Keene and George M. Keene and witnessed by one witness. It was not acknowledged as required by the statute. Section 5872, 5674 and 5676 inclusive, C. G. L. It was filed for record in the office of the clerk of the Circuit Court on December 7, 1923 by the appellees, and recorded. The bill admits that the defendants did pay to complainant the sum of $5.00 at the time the option was given, but alleges that complainant thereafter requested the defendants to cancel said contract and offered to return the $5.00 so paid, but that the defendants refused to accept the money thus offered to be returned and refused to cancel the option agreement and remove the cloud created thereby. The bill alleges that the complainant has at all times been ready and willing to return said sum of $5.00 and in her bill tenders and offers to pay the same to the defendants. The bill prays that said option be ordered delivered up and cancelled by order of the court and that the record of the same be removed as a cloud from complainant's title.

The individuals composing the firm of Latimer & Latimer filed an answer in which they denied that the complainant, Ida L. Keene, was the owner of the property described in the option, and alleged that she held the title in trust for her husband. The answer further alleged that before the expiration of the option the defendants tendered $1900.00 to George M. Keene and his wife, being the full amount required to be paid and demanded a deed from the complainants, which the complainants refused to give. The answer alleges that the option contract is valid and binding upon the true owner, George M. Keene, and acknowledged that they refused to accept the return of the $5.00, and deny that the complainants are entitled to have said option cancelled. In the answer was embraced a prayer for affirmative relief, by way of compelling the complainants to accept the amount named in the option and requiring a specific performance thereof by the execution of a deed.

It appears from the evidence in the case that the complainant, Ida L. Keene, held these two lots under contract of purchase at the time the option was given but that shortly thereafter the vendor in such contract conveyed the legal title to her. It also appears that Mrs. Keene had made a substantial cash payment upon the property at the time of her purchase thereof and before the option agreement was executed. There is nothing in the evidence to show that the money which was used to pay for this property came from the husband. Both Mr. and Mrs. Keene testified positively that it was her money and that she purchased the property and took the title thereto. There is no substantial evidence to contradict this testimony.

This court has held that:

"Although an agreement for the sale of real property made by a married woman vendor, but not executed in accordance with statutory requirements, may not be specifically enforced against her by reason of such defective execution, such fact does not render the contract wholly void. Upon a sufficient showing, in appropriate

proceedings instituted for that purpose, that the *femme covert* vendor declines to perform, it may be decreed that she return the money paid to her upon such contract and failing therein that it become a lien upon her separate property."

Wheeler v. Sullivan, 90 Fla. 711. See also in this connection, Dugal v. Powell, 91 Fla. 1034, 111 So. 252.

While the evidence was in conflict as to whether or not the defendants had tendered the amount of the purchase price named in the option within the 30-day period, it may be that the preponderance of the evidence was to the effect that such a tender was made, not, however, to the real owner, Mrs. Keene, but to her husband, who, it seems, the defendants thought to be the owner. However, the tender to the husband does not entitle the defendants to the specific performance of the contract as prayed in their answer, as the evidence quite clearly shows that Ida L. Keene and not George M. Keene was the owner of this property, and specific performance could not be decreed against her on this unacknowledged contract.

However, under the previous decisions of this court, the defendants did have a lien against the property for the $5.00· which was paid to, and accepted by, Mrs. Keene at the time the option was executed. While a contract made by a married woman for the sale of her separate property may not be specifically enforced against her, by reason of not having been executed or acknowledged in accordance with the statutory requirements, such fact does not make the contract wholly void, and we have held in several cases that upon a proper showing in appropriate proceedings the money paid to a married woman on such a contract may be required to be returned or decreed to constitute a lien upon her property. See Vance v. Jacksonville Realty and Mortgage Company, 69 Fla. 33, 67 So. 363; Edgar v. Bacon, 97 Fla. 679, 122 So. 107, and the cases above cited. But it will be observed that the complainant, Mrs. Keene, alleged in her bill that she later offered to return the money

paid at the time the option was secured, and such offer was refused. She renewed this offer and tender in her bill. It would appear therefore that no good reason existed under the law as applied to the pleading and evidence in this case, why the complainant should not have been accorded the relief prayed in her bill, conditioned, of course, upon the return of the small sum which has been paid by defendants on the option, together with lawful interest thereon.

The case of Fisher v. Miller, 92 Fla. 48, 109 So. 257, cited by the appellees is not in point here, as in that case the husband was the owner of the real property contracted to be conveyed, in which contract the wife did not join, nor does the case of Leatherman v. Schwab, 124 So. 459, 98 Fla. 885, present any point of conflict with our present holding.

The decision in the last cited case was grounded upon the right of a person to have the Circuit Court clerk compelled by mandamus to expunge from the record an unacknowledged real estate listing which had been recorded without lawful authority, although the instrument did not affect the title to the property. Even, if in this case, the complainant might have availed herself of such a remedy as against the clerk of the court, (which we do not think it necessary for us to decide), the proceeding would not have been binding upon the defendants, who, in the case at bar, are prayed to be required to surrender the original instrument for cancellation, as being void as against the complainant, under the facts alleged, and it is also prayed that said instrument and the record thereof be removed as a cloud upon complainant's title, which, under sections 5005, 5011, C. G. L., it is.

Under Section 5699 C. G. L., in order to entitle any instrument concerning real property to be recorded, the execution thereof must be acknowledged by the party executing the same, or the execution thereof by the said party must be proved by a subscribing witness thereto before one

of the officers and in the form and manner prescribed by that Section. But where an instrument not entitled to recordation is nevertheless recorded, it may hinder, delay or obstruct the sale of the property to which it relates and can constitute such a cloud on title as will authorize the court to decree its cancellation and removal. And under Section 5005 C. G. L., relief in the nature of quieting title or removing clouds from title may be had through "the adverse claim, estate or interest against which such bill is brought is void upon its face, or, though not void on its face requires evidence extrinsic of itself, to establish its validity."

We are not unmindful of the case of Knott v. Smith, 79 Fla. 628, 84 So. 661, in which it was held that, when a married woman by virtue of her contract to convey her separate statutory property, invalid because not acknowledged as required by statute, but for which she has received the consideration in whole or in part, comes into a court of equity to have her title relieved of such contract, she must, in her bill of complaint, offer to return the consideration received, or set up facts that would excuse her failure to do so. See also in this connection Chubb v. Chadwick, 93 Fla. 114, 111 So. 538. However, it will have been observed that the bill in this case measures up to the requirements of the cited cases.

In the light of the cited authorities, the bill was not without equity and under the evidence adduced by the parties, it would appear that the complainant in the court below has shown a right to have cancelled and removed as a cloud upon her title the option contract described in the bill, conditioned upon her returning to the defendants the relatively small consideration paid therefor. We conclude therefore that the decree of the court dismissing complainant's bill was erroneous.

Reversed and remanded.

Buford, C.J., and Whitfield, Terrell and Davis, J.J., concur.

Ellis, J., dissents.

Ellis, J., dissents:—The so-called option agreement was invalid as an option to purchase land or as a contract for the purchase, for many reasons. It was not entitled to record under the recording laws of this State. It was not a cloud upon any land title and was not an instrument upon which specific enforcement could rest.

Assuming that George M. Keene was the beneficial owner of the land described in the bill, that Ida L. Keene merely held the legal title in trust for him, the so-called option agreement was not such an instrument as could be enforced against him and his wife not only because it was not executed according to the forms required by statute but because it is deficient in two essential elements of a contract for the sale of land. The two missing elements are definiteness of terms and certainty of description.

The bill therefore made no case for the relief prayed nor did the answer set up any basis for affirmative relief and considered merely as an answer to the bill it was merely a reply to irrelevant and immaterial allegations the truth or falsity of which in no wise affected the complainants' status with reference to the land described nor the title held by her. The so-called contract is a nullity; the record of it is also. Therefore there was no equity in the bill and no merit in the answer.

I apprehend that such was the chancellor's thought when he dismissed the bill and there was no error in his order.