O. B. STUART, Et Ux. *Appellants,* v. HYATT C. HATCH, et al. *Appellees.*

146 So. 557.

Division B.

Opinion filed February 23, 1933.

*H. D. Wentworth,* for Appellants;

*Whitaker Brothers,* for Appellees.

BUFORD, J.—The appellee claiming to be the owner of certain property, on the 12th day of March, 1930, instituted an unlawful detainer suit against one S. M. Dismukes alleged.

to be then wrongfully withholding possession of the property against the owner Hatch.

·On trial, judgment was entered against Dismukes and in favor of Hatch. Thereafter, the appellants; under the claim that Dismukes was in possession of the property as the agent of appellant, went into possession' of the property of which they had been in possession long prior to the beginning of the Dismukes possession, which possession was a continuation of the possession of· the appellants. Hatch then instituted an unlawful detainer action against the appellant and thereafter the Sheriff of Hillsborough County, acting under authority of a writ of possession issued against Dismukes, proceeded towards executing said writ by the dispossessing of the appellants. The answer of Hatch discloses that he had dismissed the unlawful detainer action commenced against appellants. The answer of the Sheriff admits that he was proceeding to oust the appellants from possession of the property under the writ issued in the suit against .Dismukes and that unless restrained by order of court he intended to so execute such writ.

The appellants Stuart were not parties to that suit. ·

On the trial of the injunction suit the question as to whether or not the Stuarts could lawfully be ousted from possession under a writ issued against Dismukes in favor of Hatch appears to have been practically lost sight of and the trial resolved itself into one for the determination of the question as to whether or not a deed from the Stuarts to Hatch conveyed the fee simple title or was in effect only a mortgage.

The decree of the lower court dismissed the bill of complaint at the cost of the appellants. The appellants sought by their bill to enjoin the Sheriff and Hatch from

dispossessing the Stuarts under the writ issued in the Dismukes case and from invoking summary proceedings at law for the purpose of dispossessing the Stuarts.

The final decree simply found the equities with the defendant Hatch and dismissed the bill of complaint.

If the complainants had sought a decree enjoining the Sheriff from ousting them of possession of the property under the writ of possession issued against Dismukes and stopped at that, a different result might have obtained, but what the complainants really sought and the decree for which they contended, as is apparent from the evidence in the lower court, was one holding them to be the fee simple owners of the title to the property and adjudicating the deed by which they conveyed the property to Hatch to be no more than a mortgage.

The evidence adduced was amply sufficient as a basis for the denial of relief on that theory.

If Dismukes was in actual possession in his own right at the time the suit by Hatch was brought and prosecuted to judgment, the judgment of *habere* possession was good against the world, because plaintiff only had to sue the party *in actual possession* of lands in order to get judgment in an unlawful detainer suit. It is the *actual possession* that gives the Court jurisdiction and if every one in *actual possession* was sued, the judgment is good and execution on it can be enforced, even as against a reversioner who subsequently entered the premises *pendente lite* the unlawful detainer suit. A judgment in the unlawful detainer suit would not be a bar to an equity suit to have a deed declared a mortgage, or even of ejectment.

We think that under the showing made by the pleadings and proof, the complainants were not entitled to a decree enjoining the Sheriff from dispossessing them under the

writ issued in the Dismukes case, because the record shows that the Dismukes possession was their possession although they were not parties to that suit. All other relief prayed for in the bill of complaint should have been denied because there is ample evidence in the record to support the Chancellor in finding the equities with the defendant Hatch and dismissing the bill as to any relief prayed.

The decree should be affirmed. It is so ordered.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.