**FLORIDA ATHLETIC & HEALTH CLUB, a non-profit corporation organized under the laws of the State of Florida, and R. G. SMILEY, duly authorized officer of Florida Athletic & Health Club, v. C. E. ROYCE and AUDREY S. ROYCE, his wife.**

33 So. (2nd) 222                  June Term, 1947
January 9, 1948                          En Banc
Rehearing denied February 4, 1948

28

*W. Kenneth Barnes* and *A. W. Brubaker,* for appellants.

*Dayton, Dayton & Dayton* and *H. Lane Coachman,* for appellee.

UPON REHEARING GRANTED

BARNS, J.:

This is an appeal by the plaintiffs from an adverse judgment in unlawful entry proceedings.

In the trial court the appellants-plaintiffs complained:

" . . . that C. E. Royce and Audrey S. Royce, his wife, have unlawfully turned it and its membership out of possession, and against its and its officers' consent, and withholds from it and its membership possession of certain real estate . . . "

The defendants-appellees filed a plea of not guilty and, upon a hearing before the judge, with jury trial waived, the judge entered a judgment of dismissal, and thereupon plaintiffs appealed, and the errors assigned are substantially as follows:

(a) That the trial court, in determining appellants' right of action, erred in considering and giving weight to title, which was irrelevant to plaintiffs' right of action.

(b) That the court erred in dismissing plaintiffs' petition at the close of their testimony in chief, after proving that within three years the defendants did unlawfully enter and take possession of the land at a time when such land was in the actual and exclusive possession of appellants, such entry being unlawful in that it was without appellants' consent and was not given by law.

The applicable statutory provisions are as follows:

"82.01. UNLAWFUL ENTRY AND FORCIBLE ENTRY DEFINED. No person shall enter into any lands or tenements but in case where entry is given by law, nor shall any person, where entry is given by law, enter with strong hand or with multitude of people, but only in a peaceable, easy and open manner.

"82.02. UNLAWFUL ENTRY AND UNLAWFUL DETENTION DEFINED. No person who shall, without consent, enter in a peaceable, easy and open manner into any lands or tenements, shall hold the same afterwards against the consent of the party entitled to possession thereof.

"82.05. QUESTIONS INVOLVED IN THIS PROCEEDING. No question of title, but only a right of possession and of damages, shall be involved in the action."

F.S. 1941, F.S.A.

The elements of plaintiffs' actions are: (1) The plaintiffs must have been in possession; (2) must be ousted of posses-

sion; (3) the defendants withhold possession from the plaintiffs and without their consent; (4) the plaintiffs were deprived of possession within three years of the filing of the suit.

The facts established are that the plaintiff corporation's actual occupancy and possession continued until the defendants, without permission of the plaintiff corporation and without having instituted legal proceedings to acquire possession of the premises, moved and took possession of the premises; that, while the plaintiff corporation was in possession with its furniture on the premises, the defendants moved their furniture onto the premises, and took possession, without the permission of the plaintiff corporation and without the assistance of any writ of possession or similar judgment resulting from a proceeding in any court.

The appellants-plaintiffs had a caretaker on the premises who yielded to the directions of the appellees when they took possession. The appellee, Royce, was a member of plaintiff club and was charged with knowledge of the caretaker's authority.

Our court held that our State statute is similar to the English statute, and its use is:

" . . . to provide a summary legal remedy for restoring possession to prevent criminal disorder and breaches of the peace, which would likely ensue if no summary legal remedy existed, and the parties undertook to continue to resort to their own private common law means for enforcing their rights in such cases.

"The action . . . was designed to compel the party out of actual possession, whether the real owner and entitled to a present right of possession or not, to respect the actual possession of another, wrongful though it might be, by requiring him to resort to the law alone to obtain the possession he claims to be his. Notes 19 Am. St. Rep. 544, 121 Am. St. Rep. 371, 8 L.R.A. (N.S.) 426; Iron Mountain & H.R. Co. v. Johnson, 119 U.S. 608, 7 S. Ct. 339, 30 L. ed. 504."

Hewitt, Judge, v. State ex rel. Palmer, 108 Fla. 335, 146 So. 578, at page 579.

See also Goffin v. McCall, 91 Fla. 514, 108 So. 558, at bottom of page:

" . . . The procedure rested upon actual possession by the injured party. That possession the law protected against the forcible or otherwise unlawful entry of the landlord or the person claiming the right of entry. The owner of the title or a trespasser who had gone into possession peaceably could be the wronged party; the circumstance of whether he was the wrongdoer or the injured party depending upon the fact of actual or unlawful act of the other. See 1 Cooley on Torts (3rd Ed.) 77."

This Court, in Benjamin S. Liddon, et al., v. Hartwell Hodnett, 22 Fla. 271, at page 275, defined the two classes of entry as:

" . . . (1) Where another enters in any case where entry is not given by law. (2) Where another enters with strong hand or multitude of people . . . The first and second classes are unlawful entries, the second differing from the first in that the latter is made unlawful by the fact of its being with strong hand or multitude of people, . . . "—and at page 278:

" . . . where there has been an unlawful entry, whether forcible or otherwise, the detention under it is of course unlawful and a continuation of the wrong, . . . "—and at bottom of page 278:

" . . . It makes no difference under our statute whether or not there are any manifestations of force or any threats of violence in the withholding possession, if the action be either for an unlawful entry, or for a forcible entry . . . "

The Florida statute divides the action into two parts, one part, "unlawful entry," is applicable where the entry is without force but without due process of law and without the consent of the party in possession, and the other, "forcible entry," where the entry is accompanied by force or with a multitude of people, to-wit:

"No person shall enter into any lands or tenements but in case where entry is given by law, nor . . . (balance refers to forcible entry). (82.01, supra).—and,

"No person who shall, without consent enter in a peaceable, easy and open manner into any lands or tenements, hold the same afterwards against the consent of the party entitled to possession thereof." (82.02, supra).

Appellants contend that in the instant case, the lower court erred in dismissing the cause at the close of plaintiffs' testimony in chief, after plaintiffs had shown such possession, entry, eviction and withholding without permission.

Under the common law the unlawful detainer was forcible detainer, and unlawful entry was forcible entry, but under our statute we have both such actions, either with or without force.

It appears that the trial judge considered and gave weight to evidence relating to title, and our statutory provision is that:

"No question of title, but only a right of possession and of damages, shall be involved in the action."

Sec. 82.05, F.S. 1941, F.S.A.

The "right of possession" referred to in this Section of the statute has reference to the present right of possession, and not the ultimate right. It has reference to the right of possession to be determined under the issues made by the pleadings prescribed by the statute and not the ultimate right of possession as might be determined by a suit in ejectment.

This Court has held that such proceedings:

" . . . cannot be used in a place of ejectment or trespass to try title to land in a proceeding brought in the county court. Perry Naval Stores Co. v. Griffin, 57 Fla. 133, 49 So. 554."

And, as to the ultimate right of possession, it has been provided that such rights would not be affected by judgment in unlawful entry or detainer by providing in respect thereto that:

"No judgment rendered either for plaintiff or defendant shall bar any action of trespass for injury to the property, or ejectment, between the same parties respecting the same property in question; nor shall any verdict be held conclusive of the facts therein found, in any action of trespass or ejectment."

Sec. 82.17, F.S. 1941, F.S.A.

The judgment appealed from is reversed.

THOMAS, C. J., BUFORD, CHAPMAN and SEBRING, JJ., concur.

ADAMS, J., dissents.

TERRELL, J., not participating.