PER CURIAM.
The appellant, Gosta Tollius, brings this interlocutory appeal from an order of the Circuit Court of Dade County, Florida, temporarily enjoining the appellant from proceeding in an unlawful detainer action he had instituted in the Civil Court of Record in and for Dade County, Florida.
The appellant filed his complaint in the civil court of record on the same day the appellees filed their complaint for declaratory judgment in the circuit court. The appellant’s complaint was filed before the appellees’ complaint. The subject matter of the two suits was the same. In the civil court of record action the appellant contended that because of a forfeiture of a ninety-nine year lease, he was entitled to possession of real property on which a motel had been built. The appellees’ complaint alleged that the lease was valid and subsisting and prayed for a declaration to that effect. The complaint did not allege that the civil court of record suit had been filed but alleged simply that the landlord had declared the lease in default and had threatened legal proceedings. There is nothing in the record to show that at the time the appellees filed their complaint they knew that a complaint had been filed in the civil court of record. The appel-lees’ petition for injunction, filed six days after the complaint, alleges that the appel-lees have no adequate remedy except in a court of equity. The circuit court entered an order which temporarily enjoined prosecution of the unlawful detainer action in the civil court of record.
The appellant did not immediately file his notice of appeal from the order entering the temporary injunction. He proceeded in the circuit court by filing an answer and counterclaim, by praying for the appointment of a receiver for the property involved, and by praying the court to im-plead a third party. The circuit court refused to appoint a receiver but did order the third party to be impleaded. Thereafter, the appellant filed his notice of appeal from the order granting the temporary restraining order.
The appellant presents us with the following points:
“THE CIRCUIT COURT ERRED IN RESTRAINING THE PROSECUTION OF AN UNLAWFUL DETAINER ACTION FILED BY THE APPELLANT, GOSTA TOLLIUS, AGAINST THE APPELLEES IN THE CIVIL COURT OF RECORD.”
******
“THE TRIAL COURT ERRED IN THE ENTRY OF A TEMPORARY INJUNCTION RESTRAINING THE PROCEEDINGS IN THE CIVIL COURT OF RECORD WHERE THE APPELLEES HAD NOT PREVIOUSLY PAID ALL COSTS.”
In his argument under the first point, the appellant urges that the circuit court should have dismissed the appellees’ complaint because all the issues sought to be determined by that complaint could have been fully determined in the unlawful de-tainer action in the civil court of record. See Town of Palm Beach v. Gottesman, 152 Fla. 182, 11 So.2d 337 (1943).
Unlawful detainer is a statutory remedy of ancient origin. Crandall, Florida Common Law Practice, § 340 (1928). It is an expeditious remedy in which the main issue is the right to immediate possession. Chapter 82, Fla.Stat., F.S.A.; Goldring v. Reid, 61 Fla. 250, 54 So. 718 (1911). It is clearly unsuitable for the determination of equitable defenses because a judgment in such a suit is not a bar to a subsequent suit in equity. Stuart v. Hatch, 108 Fla. 443, 146 So. 557 (1933). We therefore conclude that under the circumstances of this case the circuit court did not err in following the well established rule that where the complainant shows himself entitled to some purely equitable relief an injunction may be granted to restrain pending or threatenéd actions at law concerning the same subject matter. Pep *506 ple v. Rogers, 104 Fla. 462, 140 So. 205 (1932). We have considered the appellant’s other objections to the complaint and find that they are inapplicable.
The appellant’s second point directed to the failure of the circuit court to require the appellees to pay the costs in the civil court of record does not demonstrate error because there is no showing that this matter was raised in the circuit court.
Affirmed.
HENDRY, J., dissents.