PEARSON, Judge.
The appellants were defendants in the civil court of record to an action of unlawful detainer. The point presented on this appeal is whether the trial court erred in denying defendants’ motion to dismiss the cause for lack of jurisdiction over the subject matter. We hold that the trial court improperly denied the motion and reverse the judgment.
Appellants' motion to dismiss presented pursuant to Rule 1.140(b), Florida Rules of Civil Procedure, 30 F.S.A., set forth that the right to possession which was sought in the unlawful detainer action in the civil court of record was an issue already pending in the circuit court upon appellants’ suit to rescind a real estate purchase contract and determine appellants’ equitable interest in the same real property. On this appeal no issue is made as to the existence of the matters alleged in the motion and re-alleged in appellants’ answer in the civil court of record. Nevertheless, the trial court denied the motion to dismiss and entered a directed verdict for the plaintiff-appellees.
In Tollius v. Dutch Ins. of America, Inc., Fla.App.1969, 218 So.2d 504, we considered a somewhat similar case in which the error assigned concerned an order temporarily enjoining a fee owner from proceeding in an unlawful detainer action he had instituted in the civil court of record. In that case we pointed out that the ancient remedy of unlawful detainer is clearly unsuitable for the determination of equitable defenses. We held that where the facts presented to the court showed the defendant in the unlawful detainer action to be entitled to some purely equitable relief, it was proper to enter the temporary injunction. See Pepple v. Rogers, 104 Fla. 462, 140 So. 205 (1932), cited in the Tollius case.
In Knight v. Global Contact Lens, Inc., Fla.App.1969, 220 So.2d 693, the appeal was from an order granting a temporary injunction restraining a landlord from proceeding in a civil court of record action *797 seeking removal of a tenant. We pointed out that the maxim: equity, once having taken jurisdiction of a cause for one purpose should retain jurisdiction for all purposes to administer full, complete and final relief, including legal remedies, was applicable to that litigation.
We hold in the instant case that it was error for the trial court to disregard pend-ency of a prior suit in the circuit court in view of appellants’ motion to dismiss, which set forth the pendency of that suit, and the equitable nature of the relief it sought. For the foregoing reasons the judgment in the instant suit is reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.