PER CURIAM.
Plaintiffs below appeal from a final judgment, after a nonjury trial, for the defendants in a suit for unlawful detainer.
Plaintiffs sued the defendants in unlawful detainer and sought summary relief under § 51.011, Fla.Stat., F.S.A. In Paragraph Five of their complaint plaintiffs alleged :
“The defendant, BERNARD BER-MAN, lawfully entered into possession of the premises but their right of possession expired on April 1, 1968, and after the expiration of this right the Defendant, BERNARD BERMAN, continued to hold possession of premises against the consent of the parties entitled to possession and have willfully and knowingly maintained wrongful possession of such premises since April 1, 1968, and have not paid rental for use of such premises.”
The defendants Ricciardelli and Insurance Underwriters Unlimited, were alleged to unlawfully occupy the premises under Berman.
The defendants answered and alleged as an affirmative defense that Berman entered into possession of the premises in question by virtue of a written lease with the prior owners (National Service Fire Insurance Company), which did not expire until 1971 and that the lease was current and in good standing. The lease was for certain space in a building in Miami, Florida.
At trial, a copy of the alleged lease between the prior owner and Berman, dated April 1, 1968, was admitted into evidence. There was testimony that the defendant Berman was claiming under and by virtue of the terms of this lease. Plaintiffs attempted to prove that the lease was invalid and challenged the authority of one Ric-ciardelli, an officer of National Service Fire Ins. Co., to execute the lease; they claimed that Berman was attorney for the original lessor (prior owner) and had violated his fiduciary relationship with them; that there was no consideration for the lease; and that the actions of the receivers for National Service and the courts had made the lease void as a matter of law.
The trial judge, after hearing the evidence, stated:
“I have read your memorandums that you have submitted. There is a strong possibility you could set this lease aside in the proper proceeding, but you certainly can’t do it in an unlawful detainer action.
*251 The Complaint is dismissed. Costs to the Plaintiffs.”
We concur. The allegations of Paragraph Five of plaintiff’s complaint allege that Berman lawfully entered into possession of the premises but that his right of possession expired on April 1, 1968. This is the same date on which the alleged lease was executed with the prior owners and under which Berman claims the right of possession to the premises. No allegations are set forth as to why or how the prior lawful entry possession by Berman expired on April 1, 1968.
It appears that the plaintiffs were, in substance, seeking construction and determination that the so-called lease was invalid in an unlawful detainer action. In Hewitt v. State ex rel. Palmer, 108 Fla. 335, 146 So. 578 (1933), it was said that unlawful detainer could not be used where the essential question was one of title.
The gist of an action for unlawful detainer is the unlawful withholding of possession by the defendant. See 14 Fla. Jur. Forcible Entry, etc., § 10; 2 Boyer, Florida Real Estate Transactions, § 37.15; Floro v. Parker, Fla.App.1967, 205 So.2d 363.
The relief which plaintiff was seeking, in substance, was the question of title by an adjudication that the lease dated April 1, 1968 was invalid and not the wrongful withholding of possession of the premises. Only the right to possession is involved in an action for unlawful detain-er. See § 82.05, Fla.Stat, F.S.A. This means the present right of possession and not the ultimate right and has reference to the right of possession to be determined under the issues made by the pleadings prescribed by statute. Floro v. Parker, supra.
Plaintiffs attempted to prove that the “so-called” lease did not exist in fact or law; if it did exist it was void; if it was not void from its inception, it was void by certain actions of receivers and courts of law; that the lease was in contemplation of law not established and if established was void.
We do not believe that an unlawful de-tainer action is the proper procedure in which to challenge the authority of an officer to execute a lease; or the fact that a fiduciary relationship may have existed between the prior owners (lessors) of the premises and their attorney who was a lessee under the so-called lease; that consideration may not have been paid for the so-called lease; or that certain actions of the receivers of the prior owners or of courts of law have caused the so-called lease to become invalid as a matter of law.
We hold that unlawful detainer is not the proper remedy where it is obvious to the trial judge that plaintiff is substantially seeking an adjudication of title by having the alleged lease declared invalid. Cf. Hewitt v. State, supra; Florida Athletic and Health Club v. Royce, 160 Fla. 27, 33 So.2d 222 (1948); and Knott v. Smith, 79 Fla. 628, 84 So. 660 (1920). We have considered the other points raised and argued by appellants and find them to be without merit. The determination and decision of the trial judge were correct and are
Affirmed.