STEWART, JAMES R., Jr., Associate Judge.
Plaintiff/Bank brought an unlawful detention action under the provisions of Florida Statute 82.04, F.S.A. in the Court of Record of Broward County. Defendants denied all allegations of the Complaint and counterclaimed for specific performance.
Plaintiff moved to dismiss the Counterclaim and for entry of summary judgment. In support of the motion for summary judgment the Bank filed an affidavit showing its right of possession was based upon a Certificate of Title issued in connection with a previous mortgage foreclosure action. An affidavit filed in support of the Answer and Counterclaim stated that the present Defendants were also Defendants in the foreclosure action and that the Plaintiff’s Certificate of Title had been obtained by fraud and deceit. It further stated that subsequent to the Certificate of Title being issued, the Bank admit *614 ted to mistake in obtaining the Certificate and entered into a purchase and sale agreement with the Defendants covering the property in question.
Under the Agreement a downpayment was to be made before a given date and when made, the Plaintiff would convey the property to the Defendants in exchange for a purchase money mortgage covering the remaining amount owed. The affidavit stated that some 4/5 of the downpayment was paid to the Plaintiff and the remaining 1/5 tendered before the given date but that the Plaintiff refused the remainder and proceeded with its unlawful detention action. The Defendants were in continuous possession of the property during and after the foreclosure action.
As grounds for its Motion to Dismiss, the Plaintiff contended that, as a matter of law, a Counterclaim cannot be asserted in an action for unlawful detention and that the Court of Record was without jurisdiction to consider a Counterclaim seeking specific performance.
The lower Court granted the Motion to Dismiss and the Motion for Summary Judgment and entered Final Judgment for Plaintiff. This appeal followed.
It is interesting to note that unlawful detention is defined in Section 82.02, Florida Statutes, F.S.A.[1] and that the definition includes unlawful entry. However, when the remedy for unlawful detention is declared in Section 82.04, Florida Statutes F.S.A.[2] there is no mention of unlawful entry. Although the question was not presented for consideration in this appeal, it may be that Chapter 82 fails to establish a detention of the type alleged in this action as statutorily unlawful.
In any event, the absence of any aspect of unlawful entry in the instant controversy prevents a separation of issues as to the present right of possession versus the ultimate right of possession.[3] It being clear that the Defendants have been in actual possession of the property at all material times, the Bank’s right to either present or ultimate possession rests entirely on the validity of its Certificate of Title obtained in the foreclosure action. The Defendants contested such validity by proper pleadings and affidavit and, therefore, the lower Court erred in granting summary judgment.[4]
It was also error for the lower Court to grant the Plaintiff’s Motion to Dismiss. The Counterclaim plead by the Defendants was of a compulsory nature and the provisions of Section 82.101, Florida Statutes, F.S.A.[5] do not have a savings *615 effect on an action for specific performance. Specific provisions for the filing of Counterclaims are present in both the special statutory proceedings applicable to Chapter 82, Florida Statutes, F.S.A.[6] and the Florida Rules of Civil Procedure, 30 F.S.A.[7] When the lower Court was made aware of the Counterclaim exceeding its jurisdiction, it was required to transfer the action to the Court in the same county having jurisdiction of the demand in the Counterclaim.[8]
The judgment is reversed and the cause is remanded to the Court of Record of Broward County for entry of an appropriate order under the provisions of RCP 1.-170(j) transferring the cause to the Circuit Court of Broward County for further proceedings.
Reversed and remanded.
OWEN, J., and McCAIN, DAVID L., Associate Judge, concur.

. Unlawful entry and unlawful detention defined—
No person who enters without consent in a peaceable, easy and open manner into any lands or tenements shall hold them afterwards against the consent of the party entitled to possession. (Emphasis added.)

.' Remedy declared for unlawful detention—
If any person enters or has entered in a peaceable manner into any lands or tenements when the entry is lawful and after the expiration of his right continues to hold them against the consent of the party entitled to possession, the party so entitled to possession is entitled to the summary procedure under section 51.011, Florida Statutes, at any time within thre.e (3) years after the possession has been withheld from him against his consent. (Emphasis added.)

. For a discussion of the separation of these issues see Floro v. Parker, 205 So. 2d 363 (Fla.App.196T). For cases where the remedy of unlawful detention was found unsuitable, see Tollius v. Dutch Inns of America, Inc., 218 So.2d 504 (Fla.App.1969) and Southeastern Fid. Ins. Co. v. Berman, 231 So.2d 249 (Fla.App.1970).

. Iloll v. Tolcott, 191 So.2d 40 (Fla.1966).

. Effect of judgment — No judgment rendered either for plaintiff or defendant bars any action of trespass for injury to the property or ejectment between the same parties respecting the same property. No verdict is conclusive of the facts therein found in any action of trespass or ejectment.

. Section 51.011(1) Pleadings— * * * If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his answer to the counterclaim * * *.

. RCP 1.170(a) Compulsory Counterclaims — A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim * * *.

.RCP 1.170(j). None of the limitations and restrictions to this rule appear to be applicable to the instant action. For such limitations and restrictions, see Davis v. Flato, 210 So.2d 16 (Fla.App. 1968).