# J-M PROPERTIES, LTD. d/b/a THE TOWERS MOTEL v. McMILLAN et al.

## Case No. 83-29-DT

County Court, Bay County

June 17, 1983

**APPEARANCES OF COUNSEL**

**Joseph R. Boyd** for plaintiff.

**Carroll L. McCauley** for defendant.

## OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

Plaintiff has filed a complaint alleging unlawful detention on the part of defendants, a proceeding governed by Chapter 82, Fla. Stat. (1981). Defendants have answered and have also filed counterclaims and cross claims seeking remedies and damages which exceed the jurisdiction of County Court.

Plaintiff urges bifurcation of the proceedings, sending the cross claim and counterclaims to Circuit Court and retaining the original com-

plaint, over which it alleges that County Court has exclusive jurisdiction pursuant to Section 34.011, Fla. Stat (1981).

Fla. R. Civ. P. 1.170(j) provides, however, that an action wherein a counterclaim or cross claim exceeds the jurisdiction of the court should be transferred to the court of higher jurisdiction which is then given by the rule full jurisdiction over the demands of all parties. Plaintiff argues, however, that the rule is not properly invoked in situations where the lower court has exclusive and original jurisdiction, such as proceedings conducted pursuant to Chapters 82 or 83, Fla. Stat. It cites as authority the case of *State v. Blanton,* 195 So.2d 870 (Fla. 3d DCA 1967), wherein the appellate court distinguishes from the application of this rule cases where its application would result in the transfer of a case from a court having exclusive jurisdiction to a court having no jurisdiction over the subject matter. The court approved bifurcation of a landlord/tenant eviction and a counterclaim for damages in excess of County Court jurisdiction, reasoning that to transfer the eviction would result in "an anomalous situation." The court apparently felt that the rule was not sufficient to confer jurisdiction on the Circuit Court in light of a statute conferring exclusive jurisdiction on the County Court. However, a Fourth District Court of Appeals decision which is directly on point disagrees. In *Forbes v. National Industrial Bank of Miami,* 243 So.2d 613 (Fla. 4th DCA 1971), the bank brought an unlawful detention action against two women named Forbes, who counterclaimed for specific performance of a purchase and sale agreement. As in the instant case (as reflected by the pleadings), the defendants had been in actual possession at all times material, so that the bank's right of either present or ultimate possession rested entirely on the validity of an instrument (in the case sub judice, the defensive pleadings reflect that the validity of a lease agreement is material to the question of possession). The District Court, noting that where there is no aspect of unlawful *entry* (as opposed to unlawful *detainer)* so that the present and ultimate right of possession merge, the issues are not appropriately separated (presumably referring to bifurcation between courts). It therefore ordered the entire proceeding transferred to Circuit Court, thereby holding that the rule is sufficient to confer jurisdiction over unlawful detainer actions on the higher court. It appearing to this court that the cause is not properly subject to bifurcation because of identity of issues in all claims and in the interest of judicial economy, it is therefore

ORDERED AND ADJUDGED that defendants' motion to transfer be, and the same is hereby, granted, and upon deposit by the movants with the court having jurisdiction a sum sufficient to pay the clerk's

**189**

service charge in Circuit Court, the County Court Clerk is thereupon ordered to transmit all original papers and deposit, along with a certified copy of this order, to the Clerk of the Circuit Court.