281 So.2d 204 (1973)
In re CLARIFICATION OF FLORIDA RULES OF PRACTICE AND PROCEDURE (FLORIDA CONSTITUTION, ARTICLE V, SECTION 2(a)).
In Camera.
Supreme Court of Florida, In Camera.
July 31, 1973.
PER CURIAM.
Fla. Const., art. V, § 2(a), F.S.A., contains the following provisions:
"The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature."
The Legislature has the constitutional right to repeal any rule of the Supreme Court by a two-thirds vote, but it has no constitutional authority to enact any law relating to practice and procedure. See State v. Smith and Figgers, 260 So.2d 489 (Fla. 1972). The distinction between practice and procedure, which is regulated by the Supreme Court and substantive law which is regulated by the Legislature, is discussed in a concurring opinion, In Re: Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972).
During the past session of the Legislature various laws were enacted which related to practice and procedure. This creates confusion in the judicial branch in that the laws as enacted are in conflict with or supplemental to various rules of practice and procedure. The Supreme Court has considered these laws as expressing the intent of the Legislature and has formulated rules of practice and procedure that attempts to conform with the intent of the Legislature and at the same time further the orderly procedure in the judicial branch.
We point out the provisions of Ch. 73-84, Laws of Florida. Section 2 repeals paragraph e. of Rule 3.16, Florida Appellate Rules, 32 F.S.A. This law passed by a two-thirds vote of the Legislature and was within its constitutional powers. Section 1 of this law attempts to rewrite Rule 3.16, Florida Appellate Rules. This attempted amendment is beyond the powers of the Legislature as the Supreme Court is given *205 exclusive authority to promulgate rules of practice and procedure in the courts. In other words, under the Constitution the Legislature may veto or repeal, but it cannot amend or supersede a rule by an act of the Legislature. Rule 3.16, subd. e., Florida Appellate Rules, is amended so that it shall read in the form attached hereto.
Ch. 73-72, Laws of Florida, attempts to regulate voir dire examination during the trial by amending Fla. Stat. § 53.031, F.S.A., formerly Fla. Stat. (1965) § 54.13, F.S.A. This statute attempts to regulate practice and procedure, a matter solely within the province of the Supreme Court to regulate by rule. At the time the Civil Rules of Procedure were promulgated, there were various statutes in existence relating to procedure. The order adopting the rules (In Re: Florida Rules of Civil Procedure 1967 Revision, Fla., 187 So.2d 598) provided that all statutes not superseded by the rules or in conflict with the rules shall remain in effect as rules promulgated by the Supreme Court. See Sun Insurance Office, Limited v. Clay, 133 So.2d 735 (Fla. 1961), where this Court adopted a statute as a rule.
The adoption as rules of the Court of all statutes which have not been superseded or may be in conflict with the rules is primarily a matter of convenience or administrative expediency. Such adoption avoids the question of whether a matter lies within the field of substantive law or procedural law.
The fact that this Court may adopt a statute as a rule does not vest the Legislature with any authority to amend the rule indirectly by amending the statute. In other words, an attempt by the Legislature to amend a statute which has become a part of rules of practice and procedure would be a nullity. This Court has considered Laws of Florida, Ch. 73-72, in connection with Rule 1.431(b), Florida Civil Procedure Rules, 30 F.S.A. relating to voir dire examination, and hereby amends the rule so that the same shall read in accordance with the attached amendment.
Ch. 73-27, Laws of Florida, relates to criminal procedure and authorizes the issuance of a notice to appear for certain crimes and violations. The Court has approved this procedure and appended hereto new Rule 3.125, of the Florida Criminal Procedure Rules. This rule supersedes only that portion of the statute included in the rule and the balance of the statute will remain in effect as part of the substantive law. Also, it was necessary to change the procedure set forth in the rules so as to comply with the requirements of the Florida Case Disposition Reporting System, and a suggested form is included which will enable the preparation of proper notices by the local officials. Rule 3.125 is hereby adopted.
Laws of Florida, Ch. 73-112 (Fla. Stat. (1973) § 61.181, F.S.A.), creating domestic relations depository filled a great need in the judicial system. Rule 1.611, Florida Civil Rules of Procedure, 31 F.S.A. as appended hereto, is amended for the purpose of including the benefits provided in Chapter 73-112.
The Florida Rules of Practice and Procedure are hereby amended in the manner set forth in the appended rules. These amendments and changes shall take effect on the effective date of the statutes to which they are related.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

Rule 3.16. Taxation of Costs
(e) Attorney's Fees. When attorney's fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party's first brief. The motion for attorney's fees shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper. The assessment of attorney's fees *206 may be remanded to the trial court. If attorney's fees are assessed by the appellate court, the trial court shall have full and complete power and authority upon due application to enforce the payment of fees allowed by the appellate court.

Rule 1.431. Trial Jury
(b) Examination by parties. The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved.

Rule 3.125. Notice to appear
(a) Definition. Notice to appear means, unless indicated otherwise, a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county court, and demand to be taken before a magistrate is not made, notice to appear may be issued by the arresting officer unless:
(1) The accused fails or refuses to sufficiently identify himself or supply the required information;
(2) The accused refuses to sign the notice to appear;
(3) The officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to himself or others;
(4) The accused has no ties with the jurisdiction reasonably sufficient to assure his appearance or there is substantial risk that he will refuse to respond to the notice;
(5) The officer has any suspicion that the accused may be wanted in any jurisdiction; or
(6) It appears that the accused has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Booking Officer. If the arresting officer does not issue notice to appear because of one of the exceptions listed in (b)(1) and (b)(6) and takes the accused to police headquarters, the booking officer may issue notice to appear if he determines that there is a likelihood that the accused will appear as directed, based upon a reasonable investigation of the following:
(1) Residence and length of residence in the community;
(2) Family ties in the community;
(3) Employment record;
(4) Character and mental condition;
(5) Past record of convictions; or
(6) Past history of appearance at court proceedings.
(d) How and When Served. If notice to appear is issued it shall be prepared in quadruplicate. The officer shall deliver one copy of the notice to appear to the arrested person and such person, in order to secure release, shall give his written promise to appear in court by signing the three remaining copies: one to be retained by the officer and two to be filed with the state attorney. If notice to appear is issued pursuant to subsection (b), the notice shall be issued immediately upon arrest. If notice to appear is issued pursuant to subsection (c), the notice shall be issued immediately upon completion of the investigation. The arresting officer, or other duly authorized official, shall then release the person arrested from custody.
*207 (e) Copy to the Clerk of the Court. The state attorney shall file one copy of notice to appear with the clerk of the court and, if the state attorney decides not to prosecute, he shall so indicate on the notice to appear. In all cases, the state attorney shall include on the notice to appear the information required by Rule 5, Florida Transition Rules.
(f) Contents. If notice to appear is issued it shall contain the following information:
(1) Name and address of the accused;
(2) Date;
(3) Offense(s) charged  by statute if applicable;
(4) Counts of each offense;
(5) Time and place where the accused is to appear in court;
(6) Name and address of the trial court having jurisdiction to try the offense(s) charged;
(7) Name of the arresting officer;
(8) Any other person(s) charged at the same time; and
(9) Signature of the accused.
(g) Failure to Appear. When a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued pursuant to Rule 3.121, Fla.Cr.P.R.
(h) Traffic Violations Excluded. Nothing contained herein shall prevent the operation of a traffic violations bureau, the issuance of citations for traffic violations or any procedure pursuant to Fla. Stat., Ch. 316, F.S.A.
(i) Rules and Regulations. Rules and regulations of procedure governing the exercise of authority to issue notices to appear shall be established by the chiefs of the respective law enforcement agencies having jurisdiction in order to effectively implement the provisions of this rule.
(j) Form of Notice to Appear. The notice to appear shall be in substantially the following form:
 NOTICE TO APPEAR
 TICKET # ________________ DATE ________________
 NAME ____________________ ADDRESS _____________
 DATE OF BIRTH ___________
 OFFENSE(S): 1. __________ 3. _________
 (Statute,
 MO or CO) 2. __________ 4. _________
 COURT ___________________ ADDRESS _____________
 _____________
 _____________
 OTHER PERSON(S) CHARGED _____________________
 (Codefendants to _____________________
 the Case) _____________________
 _____________________
 ARRESTING OFFICER _________________________
 (Signature)
 DEPARTMENT # _______________
 I.D. # _____________________
*208
 Mandatory appearance in court a.m.
 [] on ___________________________ 19__ at _______ p.m.
 (Month) (Day)
You need not appear in court, but must comply with instructions [] supplemental.
I hereby agree to appear at the time and place designated above to answer to the offense charged or to pay the fine subscribed.
 ________________________
 Signature

WAIVER INFORMATION
If you desire to plead guilty or nolo contendere and you need not appear in court as indicated on the face of this notice, you may present this notice at:
[] Clerk of the Court's Office
[] Judge's Office
[] Other
 Location: __________________ any time from ____________,
 Date
 _____________ to ____________, _____________, and pay a fine of
 Hour Date Hour
 _________________ dollars in [] Cash; [] Check; [] Other; or mail
 ___________ dollars in [] Cash; [] Check; [] Others to
 ______________________________
 Name
 ______________________________
 Address
 ______________________________
The waiver below must be completed and attached. Read carefully.
Your failure to answer this summons in the manner subscribed will result in a warrant being issued on a separate and additional charge.
In consideration of my not appearing in court, I the undersigned, do hereby enter my appearance on the affidavit for the offense charged on the other side of this notice and waived the reading of the affidavit in the above named cause and the right to be present at the trial of said action. I hereby enter the plea of [] Guilty [] Nolo Contendere, and waived the right to prosecute, appeal, or error proceedings.
I understand the nature of charge against me; I understand my right to have council and I waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plea [] Guilty or [] Nolo Contendere to the charge being fully aware that my signature to this plea will have the same effect as a judgment of this court.
 Total Fine and Cost _________________
 Defendant ___________________________
 Signature
 Address ______________________________
 ______________________________

*209 Rule 1.611. DISSOLUTION OF MARRIAGE (DIVORCE)

(b) Payment to Public Officer.

(1) If the chief judge of the circuit by administrative order authorizes the creation of a central governmental depository for the circuit or county within the circuit to receive, record and disburse all support alimony or maintenance payments, as provided in Fla. Stat. (1973) § 61.181, F.S.A., the court may direct that payment be made to the officer designated in the administrative order.
(2) If the court so directs, the payments shall be made to the officer designated. The officer shall keep complete and accurate accounts of all payments received. Payments shall be made by cash, money order, cashier's or certified check. The officer shall promptly disburse the proceeds to the party entitled to receive them under the judgment or order. Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the Supreme Court. The motion and notice shall be served on the defaulting party in person or by mail. At the hearing the court shall enter an appropriate order based on the testimony presented to it.