QUESTION: Is the $1 assessment imposed for training purposes by s. 8 of Ch. 74-386, Laws of Florida (s. 943.25, F.S.), to be paid to the Department of Revenue out of the civil penalties collected under the provisions of ss. 318.14 and 318.18, F.S., as enacted by Ch. 74-377, Laws of Florida?
SUMMARY: Under Traffic Court Rules 6.470(c) and 6.560 of the Supreme Court, effective January 20, 1975, the $1 fee required by s. 8(3) of Ch. 74-386, Laws of Florida [s. 943.25(3), F.S.] to be assessed as a court cost and remitted to the Department of Revenue should be collected in proceedings designated by Ch. 74-377, Laws of Florida (Ch. 318, F.S. 1975), as noncriminal infractions of our traffic laws — either as an additional cost where a hearing is held, or as a deduction from the civil penalty prescribed by law where paid without a hearing. As noted in AGO 072-195, s. 23.103, F.S. 1973, required a fee of $1 to be assessed as a part of the court costs in convictions for violations of state penal or criminal statutes or city or county ordinances (except those related to the parking of vehicles) and a fee of $1 to be deducted from every bond estreature or forfeited bail bond related to such penal statutes or ordinances and provided that all such sums should be deposited in the state treasury "to the credit of the general revenue fund in the manner prescribed by rules promulgated by the head of the department of law enforcement upon recommendation of the executive director." (In addition, s. 23.105, id., authorized municipalities and counties to "assess an additional $1.00, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers.") Sections 23.103 and 23.105, supra, were repealed by Ch. 74-386, Laws of Florida; however, their provisions concerning the assessment and collection of the additional $1 fees were reenacted without substantial change by subsections (3) and (5), respectively, of s. 8, Ch. 74-386, supra. Your question was generated by the provisions of the "Florida Uniform Disposition of Traffic Infractions Act" adopted by Ch. 74- 377, Laws of Florida (Ch. 318, F.S. 1975), which "decriminalized" violations of certain portions of the Florida Uniform Traffic Control Law, among others, and provided a schedule of civil penalties for "noncriminal infractions" of the designated statutory provisions which may be paid by mail or in person or by forfeiting bond, if bond was given, by the person charged with a noncriminal infraction of the traffic law. The statute requiring the assessment of a $1 fee for law enforcement training programs and facilities, s. 8(3), Ch. 74- 386, supra, refers to it as an additional "court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance" — hence, your request for a clarification by this office of the legislative intent with respect to the assessment of the $1 fee in cases involving noncriminal infractions of the law. As noted by you, the term "penal" is broader than "criminal" and relates to actions which are not necessarily criminal, see Black's Law Dictionary, 4th Ed.; and it would seem that, in either case — whether he pays a civil penalty before or after a hearing or forfeits bond — the accused must be deemed to have acted in response to a charge of violating a "penal" statute within the meaning and intent of s. 8 of Ch. 74-386, supra (s. 943.25, F.S.), even though the violation is designated as a noncriminal infraction of our state laws. However, it is not necessary to speculate as to the legislative intent in this respect. Since your request for an opinion was made, the Florida Supreme Court has amended its Transition Rule 20, effective January 20, 1975, governing the practice and procedure in courts throughout the state handling traffic cases, so as to provide specifically in Traffic Court Rule 6.560, Conviction of Traffic Infraction, that An admission or determination that a person has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322 of Florida Statutes and Chapter 74-386, s. 8(3) and (5), [Fla. Stat. s. 943.25(2) and (5), F.S.A. (1975)]. See also Rule 6.470, Costs, as amended, relating to the costs to be assessed for traffic infractions. Subsection (c) of this Rule provides for the charging or collecting of the additional $1 fee imposed by or pursuant to s. 943.25, F.S. (s. 8, Ch. 74-386, supra), as follows: Where a hearing is held, the one dollar assessments shall be in addition to any penalty or costs assessed. Where no hearing is held and the offender admits the commission of the offense by forfeiting a bond or paying the penalty by mail or in person, the one dollar assessments shall be deducted from the amount of the penalty in addition to the costs provided in (b) above. The Supreme Court's Rules of Practice and Procedure for Traffic Courts were adopted in accordance with its constitutional authority, Art. V, s. 2, State Const., and will, of course, remain in full force and effect unless and until they should be repealed by general law enacted by a two-thirds vote of the membership of each house of the Legislature. In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973).