313 So.2d 91 (1975)
Willie LANE and Louisia Lane, Appellants,
v.
Althmese BRITH, Appellee.
No. 74-171.
District Court of Appeal of Florida, Fourth District.
May 9, 1975.
Rehearing Denied June 16, 1975.
Stephen J. Press and Robert H. Graddy, Florida Rural Legal Services, Delray Beach, for appellants.
No appearance for appellee.
OWEN, Chief Judge.
Appellants, tenants of a dwelling unit, were dispossessed by the landlord. Apparently the action was brought under the provisions of § 83.59, F.S. 1973, for failure to vacate the premises after termination of the rental agreement.
Originally, none of the parties were represented by counsel. This may help explain why the hand written complaint was filed in the Circuit Court, failed to describe the dwelling unit, and alleged a right to recover possession for the tenants' alleged breach of subsections (6) and (7) of § 83.52, F.S. 1973 (along with a holding over after expiration of the rental period without permission of the landlord). This may also partly explain appellants' failure to respond to process which led to the default and final judgment and the issuance of writ of possession. Upon being dispossessed, appellants promptly retained counsel, who filed on their behalf a motion to vacate the judgment. That motion, which was denied, was premised upon the same constitutional arguments now made in this court.
*92 Service of process was made on appellants by posting on the property as provided in § 48.183, F.S. 1973. Appellants contend that this statute is void (and thus the court did not acquire jurisdiction over them) because the statute is a legislative attempt to regulate practice and procedure in the courts as to which the legislature has no constitutional authority, the power to regulate practice and procedure in all courts being exclusively vested in the Supreme Court by Article V, § 2(a), Florida Constitution.[1] We must reject this argument. The matter of acquiring jurisdiction over the person in a judicial proceeding is a proper subject for legislative action.
Pursuant to the provisions of § 83.59(2), F.S. 1973, the plaintiff landlord utilized the summary procedure provided in § 51.011, F.S. 1971, by virtue of which default and final judgment were entered more than five days (but less than twenty days) after service of process. Appellants argue that § 83.59(2), F.S. 1973, is also an unconstitutional attempt by the legislature to regulate the practice and procedure in the courts and is therefore void. We think this argument overlooks Rule 1.010, R.C.P., which provides that "the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings unless these rules specifically provide to the contrary". § 83.59, F.S. 1973 is a special statutory proceeding which prescribes use of the summary procedure set out in § 51.011, F.S. 1971. The Rules of Civil Procedure do not "specifically provide to the contrary" as to the form, content, procedure or time for pleading in landlord-tenant actions. Thus, the statutory procedure is authorized under the rules.
Appellants assign error to the court's denial of the motion to vacate the default and final judgment, but as noted above, no grounds in support of said motion were asserted other than those we have hereinabove discussed and found to be without merit.
Finding no reversible error as to those matters raised on this appeal, we affirm the judgment.
Affirmed.
WALDEN and CROSS, JJ., concur.
NOTES
[1] In re clarification of Florida Rules of Practice and Procedure, Fla. 1973, 281 So.2d 204.