343 So.2d 7 (1977)
Lidia GONZALEZ, Appellant,
v.
BADCOCK'S HOME FURNISHINGS CENTER, Appellee.
No. 48293.
Supreme Court of Florida.
February 3, 1977.
Rehearing Denied March 31, 1977.
Stephen J. Press, Delray Beach, for appellant.
J. Brian Brennan, West Palm Beach, for appellee.
BOYD, Justice.
Badcock Home Furnishings Center filed a complaint in the County Court of Palm Beach County under Florida's replevin statute, Chapter 78, Florida Statutes, alleging entitlement to property in possession of Lidia Gonzalez. After examination of the complaint and a showing by Badcock in its support, the court ordered Gonzalez to show cause why the property should not be taken from her possession and delivered to Badcock. Gonzalez filed a motion to quash service of the order on the ground that *8 Section 78.065, Florida Statutes, which provides for such orders, regulates court practice and procedure in violation of Article V, Section 2(a), Florida Constitution:
"The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature."
The section of the replevin statute alleged to be constitutionally offensive is Section 78.065(2), Florida Statutes, which provides that orders to show cause shall:
"(a) Fix the date and time for hearing on the order. However, the date for the hearing shall not be set sooner than five days nor more than 10 days after the service of the order.
"(f) State that if the defendant fails to appear he shall be deemed to have waived his right to a hearing and that in such case the court may order the clerk of the court to issue a writ of replevin."
The motion to quash service was denied and the interlocutory order was appealed to this Court. We have jurisdiction by certiorari since the interlocutory order passed upon the constitutional validity of a state statute, a matter which upon final judgment would have been directly appealable to this Court. Article V, Section 3(b)(3), Florida Constitution.
Gonzalez argues that the Legislature has absolutely no positive rule-making power over procedural court rules. The answer to her argument is quite simple.
It is true that the Constitution, through Article V, Section 2(a), grants the Legislature only the power to repeal such rules by a two-thirds vote of each House and that by itself the Legislature has no constitutional authority to enact any law relating to practice and procedure. In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973). However, this Court has adopted Rule 1.010, Fla.R.Civ.P.,[1] which provides that the form, content, procedure and time for pleadings in all statutory special proceedings (such as in replevin) shall be prescribed by the statutes for such proceedings, unless the civil rules specifically provide to the contrary. We do not find 1.140 and 1.500, Fla.R.Civ.P. to be specifically contrary to the portions of Sec. 78.065(2) here under attack. Therefore, the statute does not violate the Constitution and the trial court correctly denied the motion to quash service.
Certiorari is denied and the cause is remanded for further proceedings.
It is so ordered.
OVERTON, C.J., and ADKINS, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] "Rule 1.010. Scope and Title of Rules. These rules apply to all suits of a civil nature and all special statutory proceedings in the circuit courts and civil courts of record and other trial courts except those to which the probate and guardianship rules or the summary claims procedure rules apply but the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceedings unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known and cited as the Rules of Civil Procedure and may be abbreviated as `RCP'. Amended effective Oct. 1, 1968 (211 So.2d 206)."