ON MOTION FOR ADMISSION TO BAIL
COBB, Judge.
Cox was convicted of two misdemeanors and sought post-conviction bail. Concluding that Cox was “not entitled to bail” because other felony charges were pending against him and that probable cause had been found that Cox had committed those felonies, the trial judge denied Cox bail pending appellate review of his misdemean- or convictions. Cox has filed a “Motion for Admission to Bail.”[1]
Whether the conviction is misdemeanor or felony, no absolute constitutional right to post-conviction bail exists. Gallie v. Wainwright, 362 So.2d 936, 941 (Fla.1978).[2] With certain qualifications, however, a trial judge has the discretion to grant post-conviction bail in non-capital cases. The relevant court rule regarding post-conviction bail is Rule 3.691, which provides:
All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla.1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored, or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
Seizing upon the language “provided . . . that in no case shall bail be granted ... if other felony charges are pending against him and probable cause has been found that the person has committed the . .. felonies,” the trial judge apparently concluded that he lacked the discretion to grant bail. However, upon review of Rule 3.691 and its relationship with section 903.132, Florida Statutes (1981), we construe the above-mentioned qualification to the court’s discretion as applying only when the conviction being appealed is a felony.[3] Because Cox is ap *513 pealing misdemeanor convictions, the trial court had the discretion to either grant or deny bail. Because the court below did not exercise its rightful discretion, we temporarily relinquish jurisdiction of the cause so that in accordance with Rule 3.691 the court may, in its discretion, grant or deny bail.
DAUKSCH and SHARP, JJ., concur.

. Both Florida Rule of Criminal Procedure 3.691(c) and Florida Rule of Appellate Procedure 9.140(e) provide for appellate review of a denial of post-conviction bail.

. See also Kelly v. State, 362 So.2d 945, 947 (Fla. 1978) (“Release on bail pending appeal is not an absolute right guaranteed by the Constitution, and the granting of bail pending appeal must be exercised within the guidelines established by case law and adopted by court rule....”).

. The Preamble to Chapter 76-138, Laws of Florida (the law codified in section 903.132), clearly indicates that in passing the law the Legislature was concerned with previously convicted felons. The comment to Rule 3.691 states that the rule was amended so as to include the provisions of Chapter 76-138. Of course, the Legislature may, by proper vote, only repeal a rule of procedure; it cannot amend or supersede a rule by enacting a law. Art. V, § 2(a), Florida Constitution; In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla.1973).