593 So.2d 1096 (1992)
John CROCKER and Crocker Pro Golf Sales, Inc., Petitioners,
v.
DILAND CORPORATION and Eugene Cook, individually, Respondents.
No. 91-1940.
District Court of Appeal of Florida, Fifth District.
January 31, 1992.
Steven L. Brannock and Karol K. Williams of Holland & Knight, Tampa, for petitioners.
Scott W. Foltz and Francis J. Carroll of Boehm, Brown, Rigdon, Seacrest, & Fischer, P.A., Daytona Beach, for respondents.
GRIFFIN, Judge.
Petitioners, John Crocker and Crocker Sales, Inc. ("Crocker"), seek certiorari relief from a circuit court order denying Crocker's motion for default in an unlawful entry action. In order to grant the writ, we must determine whether the challenged order represents a departure from the essential requirements of law which will be irremediable on appeal.
Respondents, Diland Corporation and Eugene Cook ("Diland"), filed a multi-count amended complaint against Crocker in an *1097 employment termination dispute. Diland owned and operated Village Greens Country Club and Golf Course (the "Club") and employed Crocker as the golf professional. Diland, through its president, Eugene Cook, entered into an employment contract (the "Contract") with Crocker on or about December 1, 1989. Part of Crocker's duties under the Contract included operation of the golf shop. Diland agreed to:
furnish PROFESSIONAL for his use and sole occupancy all necessary facilities, properly maintained, for the operation of his business as set forth herein, including but not limited to areas on the CLUB premises for golf shop operation, golf club services, business office, club repair, all including proper furnishings, fixtures, floor covering and utilities.
Under the Contract, Crocker was to purchase and maintain the pro shop inventory and had the exclusive right to sell golf merchandise on the Club's property.
In December, 1990 a dispute arose over Crocker's performance "under and outside" the Contract. Diland filed a complaint seeking both a declaratory judgment as to whether Crocker breached the Contract and injunctive relief.[1] Crocker served an answer to Diland's complaint and also served an eleven count counterclaim. Count I of the counterclaim was an action for unlawful entry pursuant to Chapter 82, Florida Statutes. Crocker alleged that Diland unlawfully entered and unlawfully detained possession of the pro shop. Crocker requested a judgment awarding him possession of the property and damages against Diland.[2]
Eighteen days after service of the counterclaim, Crocker served a Motion for Default and Request to Docket. The motion recites that the summary procedure in section 51.011, Florida Statutes (1989) is applicable to Chapter 82 and that Diland failed to file an answer, as required by section 51.011, within five days of service. Crocker sought entry of a default and the docketing of a jury trial under the expediting provisions of Chapter 82. On the same date, June 28, 1991, Crocker served Diland's counsel with a Notice of Hearing on the default motion scheduled for July 31, 1991.
Diland filed nothing until July 31. On that date, Diland filed a "Motion to Dismiss Amended Counterclaim" seeking to dismiss the unlawful entry count and seven other counts for failure to state a cause of action.
At the July 31 hearing, Crocker argued that because section 51.011 required an answer within five days and no other responsive pleadings were permitted, Diland's motion to dismiss was a nullity and a default should be entered. Diland, on the other hand, maintained that section 51.011 does not preclude a defendant's right to file defensive motions. According to Diland, there is no statute or case law supporting Crocker's argument that Diland's pre-answer motion to dismiss fails to toll Diland's time to answer, much less that Diland's motion to dismiss is a legal nullity. In fact, Diland asserts, "section 51.011 implicitly confirms Diland's right to file a motion to dismiss at any time prior to trial by specifically instructing the court to hear all defensive motions prior to trial." See § 51.011(1), Fla. Stat. (1989). Diland argues that, notwithstanding section 51.011, Rule 1.140 of the Florida Rules of Civil Procedure provides for the filing of a motion to dismiss and the tolling of the deadline to file an answer when such a motion is filed. Diland contends section 51.011 cannot override the rules of procedure because procedure is within the exclusive power of the supreme court.
The lower court denied the motion for default, commenting that section 51.011 predated the 1968 Florida Constitution, that the Florida Rules of Civil Procedure *1098 do provide that a motion to dismiss will toll the time for an answer, and that, in his experience, county judges usually permit motion practice in cases to which section 51.011 applies.
The summary procedure described in section 51.011 is provided as a remedy for unlawful and forcible entry pursuant to section 82.03, Florida Statutes (1989). The summary procedure statute, section 51.011, Florida Statutes (1989), states in relevant part:
51.011 Summary procedure.  The procedure in this section applies only to those actions specified by statute or rule. Rules of procedure apply to this section except when this section or the statute or rule prescribing this section provides a different procedure. If there is a difference between the time period prescribed in a rule and in this section, this section governs.
(1) PLEADINGS.  Plaintiff's initial pleading shall contain the matters required by the statute or rule prescribing this section or, if none is so required, shall state a cause of action. All defenses of law or fact shall be contained in defendant's answer which shall be filed within 5 days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his answer to the counterclaim and shall serve it within 5 days after service of the counterclaim. No other pleadings are permitted. All defensive motions, including motions to quash, shall be heard by the court prior to trial.
Crocker rejects Diland's argument that rule 1.140 has constitutional primacy over section 51.011 because of Florida Rule of Civil Procedure 1.010, which states in relevant part:
The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary.
In Gonzalez v. Badcock's Home Furnishings Center, 343 So.2d 7, 8 (Fla. 1977), the supreme court considered whether the statutory special procedure for replevin, which contained procedures radically different from the procedures in Florida Rules of Civil Procedure 1.140 and 1.500, was an unconstitutional incursion by the legislature into rulemaking. In concluding it was not, the supreme court explained that under rule 1.010 a special statutory procedure controls unless a specific courtenacted rule provides otherwise. 343 So.2d at 8. See also Lane v. Brith, 313 So.2d 91 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 842 (Fla. 1976). In effect, the supreme court has indicated that if there is some aspect of a special statutory procedure it disapproves, it will say so by rule. Unless it does, the special statutory procedures apply.
The parties have brought to our attention several county court cases involving landlord/tenant actions in which the courts have held that section 51.011 does allow motion practice. In Aetna Life Ins. Co. v. County Casuals, Inc., 5 Fla. Supp.2d 107 (Fla. Orange Cty.Ct. 1983), the tenant moved to dismiss the landlord's complaint because the landlord failed to file a required annual corporate report. The landlord filed the report before the hearing and the court denied the motion to dismiss. The landlord then moved for a default because the tenant failed to file an answer within five days as required by section 51.011. The court noted that "[t]he question of whether a tenant must file his answer at the same time he files his motion is constantly raised but this Court has found no case which has decided the issue." Id. at 107. The county court reasoned:
In landlord-eviction cases a motion tolls the time necessary to file an answer since F.S. 51.011 is silent on this point.
Although Florida Statute 51.011(a) permits motion practice, it fails to explain when the motion is to be filed and whether the motion tolls the time necessary to file the answer. Therefore, the Florida Rules of Civil Procedure apply. 1.010 Fla.R. of Civ.P. Pursuant to 1.140(a) Fla.R.Civ.P., a motion tolls the time necessary to file an answer.

*1099 It is important to recognize that the term "answer" is a defense [sic] pleading, Rule 1.110(a), Florida Rules of Civil Procedure, whereas the term "motion" is not a pleading. White v. Fletcher, 90 So.2d 129 (Fla. 1956); Raulerson v. Hamm, 394 So.2d 1144 (Fla. 4th DCA, 1981). Thus when the legislature requires that "all defenses of law or fact shall be contained in defendant's answer", they are referring to responsive pleadings, not motion practice.
Id. at 108. See also Mihaley v. White, 15 Fla. Supp.2d 57 (Fla. Sarasota Cty.Ct. 1986); Assured Realty, Inc. v. Brown, 48 Fla. Supp. 180 (Fla. Orange Cty.Ct. 1978). The County Casuals court concluded that section 51.011 does not conflict with rule 1.140 and does not preclude the motion practice described in rule 1.140. The court reinforced its analysis with a discussion of the practical considerations supporting its conclusion, mainly the unfairness of requiring a defendant to file an answer where the complaint is defective or a jurisdictional defect exists.
Our supreme court has emphasized a summary procedure in actions for unlawful entry and detainer is needed:
to provide a summary legal remedy for restoring possession to prevent criminal disorder and breaches of the peace, which would likely ensue if no summary legal remedy existed, and the parties undertook to continue to resort to their own private common law means for enforcing their rights in such cases.
The action ... was designed to compel the party out of actual possession, whether the real owner and entitled to a present right of possession or not, to respect the actual possession of another, wrongful though it might be, by requiring him to resort to the law alone to obtain the possession he claimed to be his.
Florida Athletic & Health Club v. Royce, 160 Fla. 27, 33 So.2d 222, 224 (1948) (quoting Hewitt v. State ex rel. Palmer, 108 Fla. 335, 146 So. 578 (1933)).
It is surprising that something this fundamental and critical to the effective function of the summary procedure remains so unclear. Although we greatly respect the views of the learned county judges who work with this statute almost daily, the procedural scheme set forth in section 51.011 seems straightforward. All defenses of law or fact must be filed in an answer within five days. There is no option in the summary procedure to file certain defenses by motion as is authorized by rule 1.140; all defenses (which would necessarily include the defense of failure to state a cause of action, see rule 1.140) must be filed within five days. As in Gonzalez, there is nothing in rule 1.140 or elsewhere in the rules of civil procedure that specifically supersedes this critical element of the statutory summary procedure. Accordingly, the statute controls.[3]
Because section 51.011(1) does not give a defendant the option to assert by motion the defense of failure to state a cause of action, the tolling that occurs upon the filing of an authorized rule 1.140 motion can never be triggered. In this way, the purpose of the statute, which is to expedite the legal process in such cases, is met. A case to which the summary procedure applies is necessarily at issue within five days of service and becomes eligible to be set for trial on a priority basis as described in section 51.011(2). As the present case illustrates, the tolling of these deadlines to allow ordinary 1.140 motion practice largely emasculates the summary procedure. By the mere expediency of filing a motion to dismiss, Diland effectively neutralized the principal expediting feature of 51.011.
Diland is correct that section 51.011 does contemplate that defensive motions may be *1100 filed in summary proceedings in addition to an answer. The difference contemplated by the legislature between a "defense of law or fact" and a "defensive motion" is unclear. Most likely, the defensive motions contemplated by the statute are those that raise procedural issues, such as a motion to quash, the example given in the statute. We are not faced with this type of motion in the present case.[4] Section 51.011 puts the burden on the plaintiff to file a complaint that meets the statutory requirements and states a cause of action. If the plaintiff fails to meet this requirement, the defendant will be entitled to an involuntary dismissal or directed verdict. If there is some other procedural irregularity that makes the plaintiff ineligible to try his statutory proceeding, such as improper service of process or lack of venue, he loses the benefit of the expedited procedure provided under the statute. All the defendant loses in a proceeding under section 51.011 is the ability to avoid filing an answer until the procedural defect asserted by motion is corrected. This is not unduly burdensome and appears to be perfectly workable. Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980).
In short, we conclude that Diland was wrong in relying on its motion to dismiss to toll the time to file its answer. It was obliged to file all its defenses, including failure to state a cause of action, within five days and by failing to do so was exposed to entry of a default. Diland's failure to timely file does not end our analysis, however, because the ultimate issue is Crocker's entitlement to a default. Under the rule governing defaults, if a party who has appeared fails to timely plead, but does plead or otherwise defend before the hearing on the motion for default, a default is improper. Fla.R.Civ.P. 1.500(c); Irwindale Co., N.V. v. Three Islands Olympus, 474 So.2d 406 (Fla. 4th DCA 1985).
In the present case, Diland did barely meet the requirement of rule 1.500(c) to plead or otherwise defend before entry of the default. Although what was filed was denominated a "motion to dismiss", not an answer, it did contain the statement of a defense of law or fact. In essence, Diland filed a defective answer. Contrary to Crocker's position, we cannot agree that Diland's motion was a "nullity". Diland did plead or otherwise defend prior to the hearing on the default motion. Unless given leave to amend by the trial court, however, it would be that single statement of defenses on which Diland would be obliged to defend at the expedited trial. Having thus concluded that Crocker was not entitled to a default against Diland, we conclude the order under review is not subject to issuance of a writ of certiorari.[5]
WRIT DENIED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] Diland obtained an ex parte temporary injunction which Crocker appealed to this court. This court quashed the temporary injunction. Crocker v. Diland Corp., 585 So.2d 507 (Fla. 5th DCA 1991).
[2] The supreme court has approved the form of a complaint to be used in Chapter 82 actions. Fla.R.Civ.P. 1.938. The form does not contain a reference to section 51.011, Florida Statutes (1989). The count for unlawful entry filed by Crocker substantially follows the complaint form approved by the supreme court.
[3] Trawick says that under the statutory summary procedure an answer must be served within five days after service of process, and motions are not permitted. H. Trawick, Florida Practice and Procedure, § 11-2 (1989). Trawick gives no authority for this conclusion other than section 51.011(1), Florida Statutes.
[4] Crocker points out the county court cases cited above did not involve a motion to dismiss for failure to state a cause of action. He argues that, at common law, a motion to dismiss for failure to state a cause of action was known as "demurrer," which was a responsive pleading, not a motion. H. Trawick, supra, § 38-4 and § 10-4; Haimovitz v. Hawk, 80 Fla. 272, 85 So. 668 (1920); Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 So. 950 (1910). The demurrer was renamed "motion to dismiss" in 1931 by statute. H. Trawick, supra, § 10-4, n. 2.
[5] Having found no departure from the essential requirements of law, we do not need to reach the question whether the harm to petitioner would be irremediable on appeal. We note, however, that this case is unlike Berry v. Clement, 346 So.2d 105 (Fla.2d DCA 1977). In Berry, the petitioner was deprived of his entitlement to the summary procedure, which warranted review by certiorari. Here, the petitioner was allowed the summary procedure; what petitioner did not get was a default.