959 So.2d 753 (2007)
PRO-ART DENTAL LAB, INC., a Florida Corporation, Petitioner,
v.
V-STRATEGIC GROUP, LLC, a Florida limited liability company, Respondent.
No. 4D06-5016.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Opinion Denying Rehearing June 27, 2007.
David H. Charlip and Eric A. Jacobs of Charlip Law Group, LC, Hollywood, for petitioner.
Craig S. Barnett and Cory W. Eichhorn of Greenberg Traurig, P.A., Fort Lauderdale, for respondent.
HAZOURI, J.
Petitioner, Pro-Art Dental Lab, Inc. (tenant), filed this petition for writ of certiorari from an opinion of the Broward County circuit court, acting in its appellate capacity, which affirmed a county court final judgment for possession, entered in favor of the respondent, V-Strategic Group, LLC (landlord). We deny the petition, finding that, under the summary procedure of section 51.011, Florida Statutes (2006), the county court properly entered a default against the tenant after disposing of the tenant's defensive motion.
*755 In April 2006, the landlord filed a complaint in county court to recover possession of the premises which the tenant was occupying pursuant to a lease, alleging that the parties had agreed that the tenant would vacate in February 2006 or sooner. The complaint alleged that the tenant refused to deliver possession to the landlord. The landlord titled its complaint as one for ejectment. However, the complaint's allegations describe a suit for possession arising out of a traditional landlord-tenant relationship.
On April 10, 2006, the tenant was served with a copy of the complaint and a "5 day eviction summons," which provided that the tenant had to serve written defenses within five business days or a default would be entered. Within the five-day period, the tenant filed a motion to dismiss for lack of subject matter jurisdiction and motion to quash service of process. The motions challenged the jurisdiction of the county court and the landlord's entitlement to use the summary procedure of section 51.011, Florida Statutes (2006).
The trial court denied the motion to dismiss on April 28, 2006. The landlord orally advised the trial court that the tenant had not filed an answer and thus, moved for a default. After the April 28, 2006 hearing, the tenant filed and served its answer and affirmative defenses, denying, inter alia, that there was an agreement for the termination of the lease. At a hearing on May 1, 2006, the county court granted the landlord's motion for default and issued a final judgment for possession. Within the final judgment, the trial court granted the landlord's motion for default; found the tenant's answer was untimely and could not be considered; took the landlord's factual allegations as true; held the landlord was entitled to immediate entry of a final judgment; entered final judgment in favor of the landlord; and directed the clerk of the court to issue a writ of possession forthwith.
The tenant appealed to the circuit court, which affirmed. Although the landlord titled the complaint as an action for ejectment, the circuit court found that the county court correctly looked to the allegations of the complaint and determined that it had subject matter jurisdiction under section 83.21, Florida Statutes (2006), pertaining to the removal of a tenant by a landlord. Moreover, the circuit court found section 51.011, Florida Statutes (2006), contemplated that a defendant have only one opportunity to present all available defenses, within five days from the date of service, and thus the trial court was correct not to consider the tenant's untimely answer and affirmative defenses.
The standard of review applicable to a petition for writ of certiorari filed from a decision the circuit court rendered in its appellate capacity is whether the circuit court denied petitioner procedural due process and whether the circuit court applied the correct law, both expressions of ways in which the circuit court may have departed from the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995).
The tenant contends that the county court lacked subject matter jurisdiction over the landlord's complaint because the landlord sought and obtained "ejectment" in the county court, but section 26.012(2)(f), Florida Statutes (2006), provides that circuit courts have "exclusive original jurisdiction" over ejectment. However, we agree with the lower court's and circuit court's conclusion that the allegations of the complaint raised an eviction claim and not one for ejectment, which gave the county court subject matter jurisdiction over the case under section 34.011, Florida Statutes (2006).
*756 Next, the tenant argues that the entry of default and final judgment, after it filed its answer and affirmative defenses, departed from the essential requirements of law, and that the courts' interpretation of section 51.011 to create an automatic default was unsupported by Florida law. We disagree.
Section 51.011(1), Florida Statutes (2006), states:
(1) PLEADINGS.Plaintiff's initial pleading shall contain the matters required by the statute or rule prescribing this section or, if none is so required, shall state a cause of action. All defenses of law or fact shall be contained in defendant's answer which shall be filed within 5 days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his or her answer to the counterclaim and shall serve it within 5 days after service of the counterclaim. No other pleadings are permitted. All defensive motions, including motions to quash, shall be heard by the court prior to trial.
§ 51.011(1), Fla. Stat. (2006) (emphasis added). By its plain language, section 51.011(1) requires defendants to file all defenses of law or fact in an answer within five days of being served. Thus, in a summary proceeding, a motion to dismiss does not toll the time to file an answer; the proper method of raising defenses usually asserted in a motion to dismiss is to incorporate them in an answer.
By not filing its answer within five days of being served, the tenant in the instant case waived its additional defenses. Accordingly, after denying the tenant's motion to dismiss, the trial court properly accepted the allegations in the landlord's complaint as true and appropriately entered a final judgment for possession in favor of the landlord.
Petition Denied.
WARNER and GROSS, JJ., concur.

ON MOTION FOR REHEARING
GROSS, J.
We deny Pro-Art's motion for rehearing and write to certify conflict with Crocker v. Diland Corporation, 593 So.2d 1096 (Fla. 5th DCA DCA 1992).
As the panel opinion indicated, this case involves a Chapter 51 proceeding where Pro-Art, a tenant, after being served with a five day eviction summons, filed defensive motions but not an answer. At a hearing, the court denied the motions and the landlord orally moved for a default. Before the default was entered, the defendant filed an answer and affirmative defenses. Three days later, the court granted the landlord's motion for default and entered a final judgment for possession.
This fact scenario is similar to Crocker. There, a defendant filed a counterclaim for unlawful detainer pursuant to Chapter 82, Florida Statutes (1989), a proceeding subject to Chapter 51 summary procedure. Crocker, 593 So.2d at 1097. Eighteen days after service of the counterclaim, the defendant moved for default due to the plaintiff's failure to file an answer; the defendant noticed the motion for hearing 33 days later. Id. at 1097. On the day of the motion hearing, the plaintiff filed a "motion to dismiss," which the fifth district characterized as a "defective answer." Id. at 1100. The trial court denied the motion for default, ruling that the motion to dismiss tolled the time for an answer. On certiorari review, the landlord challenged the trial court's refusal to enter a default. The fifth district applied Florida Rule of Civil Procedure 1.500(c) to hold that entry *757 of default would have been improper, because the plaintiff had "plead[ed] or otherwise defend[ed]" within the meaning of the rule.
If Crocker and rule 1.500(c) controlled this case, then we would be required to grant the writ; after the court disposed of its defensive motions, but before the entry of a default, Pro-Art filed an answer. Crocker allows an untimely answer, filed outside the time limits of section 51.011, to preclude the entry of a default. However, we read section 51.011 as allowing the entry of a default once the time to answer has expired and the court has disposed of timely-filed defensive motions.[1][2]
Section 51.011(1), Florida Statutes (2006), states that "all defenses of law or fact shall be contained in defendant's answer which shall be filed within 5 days after service of process." The presence of the two "shalls" in the statute means that such filing is mandatory. The mandatory time limit for filing an answer is a crucial procedural requirement of section 51.011, since it brings the case to issue within 5 days of service, so it can be set for trial.[3] The section does not contemplate defensive motions that toll the time to file an answer, such as a motion to dismiss for failure to state a cause of action; the statute states that "all defenses of law or fact" shall be contained in the answer. The purpose of chapter 51 is to provide for an expedited procedure in certain actions and to avoid the protracted procedural dance that is allowed under the rules of civil procedure.
Significantly, Florida Rule of Civil Procedure 1.010 states: "The form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed the statutes governing the proceeding unless these rules [i.e. the rules of civil procedure] specifically provide to the contrary." Chapter 51 is a "special statutory proceeding" under rule 1.010.
Rule 1.500(c) allows a defendant to file an answer "at any time before a default is entered." Crocker applies this rule in a Chapter 51 case.
Such an application of rule 1.500(c) would allow, as a matter of routine, the filing of answers after five days of service of process. The practice Crocker condones contravenes the mandatory time limit of section 51.011(1). Rule 1.500(c) does not say that it applies in Chapter 51 actions; it does not therefore "specifically provide" a contrary time limit rule, as is required by rule 1.010 to modify the time for pleading contained in a special statutory proceeding. Therefore, rule 1.500(c) does not apply to allow the filing of an untimely answer in a Chapter 51 proceeding, even one filed before the entry of a default.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] We note that the "defense of lack of jurisdiction of the subject matter may be raised at any time." Fla. R. Civ. P. 1.140(b) & (h)(2).
[2] It is not uncommon that defenses raised in an eviction action  such as failure of a three-day notice or improper service  are raised within the five-day time limit in a pleading called a "motion to dismiss." Such issues must be "heard by the court prior to trial" or the entry of a default. § 51.011(1), Fla. Stat. (2006).
[3] The usual time limits for setting a case for trial do not apply to Chapter 51 proceedings. See Fla. R. Civ. P. 1.440(d).