DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SALLY WYNN,**
Appellant,

v.

**MAURICE HUFFMAN,**
Appellee.

No. 4D2024-2329

[July 23, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Ori F. Silver, Judge; L.T. Case No. 502024CC010224.

Sally Wynn, Lake Worth, pro se.

No appearance for appellee.

WARNER, J.

Appellant appeals a final judgment on appellee's complaint for unlawful detainer. Appellant claims the trial court erred in entering judgment for possession of the property when her motion to dismiss was still pending. Because the motion to dismiss would have served as her answer, and she has not provided a transcript of the trial proceedings to determine how the court proceeded at trial, we affirm.

Unlawful detainer actions require the use of summary proceedings pursuant to section 51.011, Florida Statutes (2024). *See* § 82.03(4), Fla. Stat. (2024). Section 51.011(1) requires a defendant file an answer within five days, and all defensive motions be heard prior to trial. In *Pro-Art Dental Lab, Inc. v. V-Strategic Group LLC*, 986 So. 2d 1244 (Fla. 2008), our supreme court considered whether a defendant in an action governed by section 51.011 could be defaulted for failure to file an answer when that defendant had filed a motion to dismiss. The supreme court adopted the holding of *Crocker v. Diland Corp.,* 593 So. 2d 1096 (Fla. 5th DCA 1992), and held that while the party could not be defaulted, the motion would serve as "that single statement of defenses on which [the party] would be obliged to defend at the expedited trial," unless the trial court granted leave to amend. *Pro-Art Dental*, 986 So. 2d at 1259.

In this case, appellee's complaint alleged the essential elements of an unlawful detainer claim. Appellant filed a motion to dismiss alleging that appellee had failed to state a cause of action, because appellee had failed to allege: his capacity as the owner or lawful tenant of the property; when appellant allegedly had unlawfully taken possession of the property; and when appellee had revoked his consent to possession or informed appellant that she had to vacate. The trial court entered an order requiring the parties to mediate and, in the event the parties did not settle, an immediate trial. The case went to trial, but appellant has not provided a transcript of the proceedings. The trial court entered judgment for appellee, finding he was entitled to recover possession of the property, prompting this appeal.

The trial court's rulings are presumed to be correct. *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). Thus, without a transcript, we must assume the trial court disposed of appellant's motion or simply permitted appellant to raise the same issues at trial as her defense. Regardless, the motion's pendency did not preclude the court from trying the case and entering final judgment.

*Affirmed.*

Gross and Conner, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***